[Civ. No. 1822. Second Appellate District.—May 10, 1917.]

## C. A. BUNNELL, Appellant, v. CHARLES R. THOMAS, Constable, etc., et al., Respondents.

APPEAL—DENIAL OF MOTION FOR SUBSTITUTED FINDINGS—NONAPPEALABLE ORDER.—An appeal from an order denying a motion to substitute other findings of fact for those signed by the court cannot be sustained, as the court has no authority to change its findings of fact after the entry of judgment.

ID.—CLAIM AND DELIVERY—OWNERSHIP AND RIGHT OF POSSESSION—ASSIGNMENT OF CAUSE OF ACTION AFTER SUBMISSION OF CASE—ERRONEOUS JUDGMENT.—Where, in an action against a constable and sureties on his official bond to recover the possession of an automobile taken under a writ of attachment, it is made to appear upon the face of the record that when the complaint was filed, and until the time of trial and submission of the cause for decision, the plaintiff was the owner and entitled to the possession of the property, it is error to find that the plaintiff was not entitled to possession or damages, because of the fact that after such submission there was filed a document purporting to assign to other parties all property and sums of money arising from the cause of action. Under such circumstances, the court should have granted a motion for another and different judgment, and amended its conclusions of law and rendered another judgment accordingly.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for substituted findings, and from an order refusing to vacate the judgment and enter a different judgment. John M. York, Judge.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, and Stephen L. Sullivan, for Appellant.

M. A. Fleming, C. W. Hall, A. J. Mitchell, and W. R. Law, for Respondents.

CONREY, P. J.—The plaintiff appeals from the judgment and this appeal is presented on the judgment-roll. He also appeals from an order denying plaintiff's motion to substitute other findings of fact for the findings of fact signed by the court, and from an order denying plaintiff's motion to vacate

and set aside the judgment and enter another and different judgment. The appeals from these orders are presented upon "bills of exceptions" duly certified, which set forth the papers used on the hearings in the court below.

As the court would have no authority to change its findings of fact after the entry of judgment, the appeal from the order denying the motion for substituted findings of fact cannot be sustained.

By virtue of a writ of attachment issued out of a justice's court of Los Angeles Township in an action of one Wilson v. Karl Brehme and Mae E. Brehme, an automobile was attached as property of the defendants Brehme. The attachment was made by Charles R. Thomas, township constable, defendant in the present action, and this action is brought against Thomas and the sureties on his official bond by the plaintiff C. A. Bunnell as a third party claiming to be the owner of said automobile. This action is brought to recover possession of the automobile, or for the value thereof in case delivery cannot be had, together with damages for its detention and for costs. This action was tried on the fifteenth day of September, 1914, and the findings were filed on the twenty-fifth day of September, 1914. On the sixteenth day of September, 1914, there was filed with the papers in this action in the superior court a document purporting to have been signed and delivered by C. A. Bunnell, purporting to transfer to other parties "all property and sums of money arising from the cause of action" herein, and the judgment recovered herein. That instrument was not introduced as evidence at the trial of the case, and manifestly did not exist at the conclusion of the trial when the case was submitted for decision. Nevertheless, the court annexed said purported assignment to the findings as an exhibit, and the judgment was in part based thereon. The findings of fact, after reciting the fact of the trial, and that evidence oral and documentary had been introduced by the respective parties, state that "the court having read and seen on file a purported assignment of this cause of action, and all rights thereto, and said purported assignment of said cause of action, and said bill of sale being made by the plaintiff herein to strangers to this suit, a copy of which assignment and bill of sale is hereto attached and marked Exhibit 'A,' the court now renders its decision and finds the following facts." The findings are that the plaintiff has no interest in

and is not the owner and is not entitled to the possession of the described property, "but was such owner from May 4, 1914, until September 15, 1914, when he parted with his title thereto by such Exhibit A"; that the defendant as constable did on the fifth day of May, 1914, without plaintiff's consent, wrongfully and unlawfully take and detain said property from the possession of the plaintiff, and has ever since and continuously retained the same under and by virtue of the described writ of attachment, as the property of the defendants in the action of Wilson *v.* Brehme; that on the fifth day of May, 1914, the defendants Brehme had no right, title, or interest in said automobile; that the automobile on the 5th of May, 1914, was of the value of five hundred dollars; that on the ninth day of May, 1914, the plaintiff demanded possession thereof from the defendant Thomas; that plaintiff is not damaged in any sum because of the alleged wrongful act of Thomas. The complaint alleged that the value of the use of the automobile during the period of its detention was ten dollars per day. The answer herein denied that the value of such use was any sum in excess of one dollar per day. As conclusions of law from its findings of fact the court found that the plaintiff was not entitled to possession of the automobile nor to damages, and judgment was entered accordingly.

It thus appears upon the face of the record that the court based its judgment upon supposed facts which were not in evidence at the trial, and that when the complaint was filed, and until the time of trial and submission of the case for decision, the plaintiff was the owner and entitled to possession of the property. Since the findings established plaintiff's ownership of the automobile when the case was submitted for decision on September 15, 1914, the court should have granted a motion for another and different judgment, and should have amended its conclusions of law and rendered another judgment accordingly, which judgment would have been for possession of the property, or its value in case delivery could not be had, and damages should have been awarded in the sum of one dollar per day during the period of detention thereof by the defendant Thomas. And the judgment itself as rendered and entered is clearly erroneous, because on the face of the findings it appears that the case was not decided upon the evidence, but upon a transaction which the court was not entitled to consider. It may be that, as claimed by appellant,

the evidence was sufficient to establish damages in the sum of more than one dollar per day as the value of the use of the automobile while thus detained. In the interest of justice, therefore, it would seem that the judgment should be reversed and the case remanded for a new trial, rather than that judgment should now be ordered as demanded by the motion for another and different judgment. For that reason the order denying the motion for another and different judgment is affirmed, and the judgment is reversed.

James, J., and Works, J., *pro tem.*, concurred.