[Civ. No. 2728. Second Appellate District, Division One.—February 21, 1920.]

## S. HIRAIDE, Respondent, v. WEYL–ZUCKERMAN & COMPANY, Appellant.

[1] NEW TRIALS—ACTION FOR GOODS SOLD AND DELIVERED—UNAUTHORIZED REDUCTION OF JUDGMENT.—On a motion for a new trial in an action to recover the balance owing on a contract for potatoes sold and delivered, the court is not authorized to order that the amount of the judgment in plaintiff's favor be reduced to a specified sum, even though plaintiff consents thereto, where such amended judgment substitutes a new theory and undertakes to change the findings of fact.

[2] ID.—CORRECTION OF ERRONEOUS FINDING AFTER JUDGMENT.—An erroneous finding cannot be corrected after judgment, except by granting a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Reversed.

The facts are stated in the opinion of the court.

Shelton & Levy and Sidney J. Parsons for Appellant.

L. B. Stanton for Respondent.

CONREY, P. J.—The defendant appeals from a judgment rendered against it for balance of the purchase price owing to the plaintiff on a contract for potatoes sold and delivered.

The following facts were found by the court, all of which were established by the evidence: On June 6, 1917, defendant agreed to buy from plaintiff two carloads of potatoes of 270 sacks each, to be delivered f. o. b. cars at Anaheim, California, at the price of three cents per pound. The first carload was delivered and paid for. On the sixteenth day of June the plaintiff tendered for delivery a second carload of potatoes weighing 30,975 pounds. Defendant inspected the potatoes and found that some of them were sunburned; thereupon, as a condition of acceptance of those potatoes, the parties entered into a written modification of their contract in the following terms, signed by the plaintiff: "I hereby accept one-half payment for 270 sacks potatoes 30925 lbs. at $3.00 cwt. $464.63 and agree to stand behind the shipment and get the balance as soon as returns come." Thereupon, defendant paid to plaintiff said sum of $464.63 on account of said carload of potatoes and thereafter shipped them and caused them to be sold at El Paso, Texas. At that place it was found that some of the potatoes had spoiled and were unfit for sale, and the sale was of the remainder of the lot.

Responding to an allegation of the answer that said carload of potatoes was accepted by the defendant and delivered by the plaintiff upon consignment, the court found that said allegation that they were on consignment was not true. Nevertheless, the court found that by said modification of the contract the plaintiff agreed that defendant should sell or cause to be sold the said 270 sacks of potatoes and be entitled to deduct from the proceeds the value of any potatoes which should be found to be spoiled upon such sale and delivery and pay *the balance of the proceeds,* less said sum of $464.63, to the plaintiff. The court further found that there is due, owing, and unpaid from defendant to plaintiff

for said carload of potatoes the sum of $271.55, with interest at seven per cent from June 16, 1917. Judgment was entered accordingly on February 28, 1918, for said principal and interest, making at that time a total sum of $283.06.

The defendant moved for a new trial upon which the court announced its decision that the motion be granted, unless the plaintiff consent to a reduction of the judgment from the sum of $283.06 to the sum of $225.42, with interest from July 26, 1917. The plaintiff filed such written consent, and thereupon the court ordered that the amount of the judgment be reduced to the sum of $225.42, with interest then amounting to $12.27, making a total of $237.69, and the motion for a new trial was denied.

Appellant contends that it was obligated to account for the actual proceeds of the produce after credit for all its expenses in disposing of the unspoiled potatoes, and that the net proceeds were only $471.85, so that the balance due plaintiff was only the sum of $7.22, which amount was tendered by the defendant.

It was shown by uncontradicted evidence that the defendant paid out for freight, $232.98; for weighing, $4; for drayage, $1.50; for storage, $4; for sorting potatoes at El Paso, $22.75, and that the loss in spoiled potatoes was 7,013 pounds, which, at $3.20 per hundredweight, would amount to $224.40. These sums, together with said sum of $464.63, amount to $954.26. The defendant, in its account of sales as rendered to the plaintiff, arrived at the balance of $7.22 by deducting an aggregate sum of $953.36 from the sum of $960.58, which it charged to itself as for 30,018 pounds of potatoes (being 30,925 pounds less "loss by evaporation") at $3.20 per hundredweight. It will be seen from the findings that the court formally rejected the theory of a delivery of the potatoes to the defendant on consignment. In this we think the court was right. This being so, it should follow that the goods were sold and delivered to the defendant on the contract as modified, the same being treated as a contract of sale. But the court then proceeded to charge defendant with the gross proceeds at the rate received for the potatoes at El Paso, instead of the contract rate. This resulted in an excessive judgment, partly right in its announced theory, and wrong in partly basing its computation upon the wrong theory. On the facts as shown

by the evidence the plaintiff was entitled to receive payment for 30,925 pounds of potatoes, less 7,013 pounds of spoiled potatoes, and less the further sum expended by defendant for sorting potatoes at El Paso; this process being required by the fact that a part of the potatoes were spoiled. The actual price of 23,912 pounds at three cents per pound is $717.36. Deducting the sum of $22.75 for sorting and the $464.63 paid on account, left a balance due to plaintiff in the sum of $229.98, the sum which, under the evidence, the court should have found to be due and unpaid. On this state of the record, and excluding from consideration the proceedings subsequent to the original entry of judgment, defendant's motion for a new trial should have been granted.

[1] Appellant contends that on this record the court was not authorized to escape the necessity of granting a new trial by reducing the amount of the judgment; that this is not the ordinary case of remission of damages as a condition to the denial of a new trial. The argument is that the "amended" judgment substitutes a new theory and undertakes to change the findings of fact, a thing which, after judgment, the court cannot do. We think that this argument is sound, and conclusive in its application here. The "amended" judgment is in conflict with the court's finding that appellant was bound to pay "the balance of the proceeds," less the amount previously paid. [2] That was an erroneous finding, but it cannot be corrected after judgment, except by granting a new trial.

The judgment is reversed.

Shaw, J., and James, J., concurred.