[Civ. No. 6196. First Appellate District, Division Two.—March 28, 1928.]

H. T. MORRIS, Respondent, v. A. FILOMEO, Appellant.

Ezra Cox for Appellant.

Thornton Wilson for Respondent.

STURTEVANT, J.—Girola Brothers entered into a contract with the defendant on the first day of February, 1926, by the terms of which Girola Brothers sold to the defendant on an installment contract an automobile truck. The defendant defaulted in his payments. The Girola Brothers assigned their interest to the plaintiff. The plaintiff commenced an action against the defendant to recover the payments due and in his complaint he set forth the contract *in haec verba*. The defendant filed an answer and a cross-complaint. In the latter pleading the defendant inserted two counts. In the first one he set forth the alleged fraud of Girola Brothers and based thereon the prayer that the plaintiff take nothing. In the second count of the cross-complaint he again alleged the fraud of Girola Brothers and offered to return the truck to Girola Brothers and demanded the payment to him of the $1,000 which he had paid on the truck. The trial court made findings of fact in favor of the plaintiff and from a judgment entered thereon the defendant has appealed.

Among others, the court made the following findings:

"IV.

"That it is not true that at the time the said defendant and said Girola Bros. entered into said written agreement for the sale and purchase of said truck, or at any other time, the said Girola Bros. falsely and/or fraudulently represented to the said defendant that the said truck would carry a load of three (3) tons, and would act mechanically perfect for the purpose; but on the contrary it is true that the said Girola Bros. represented that the truck would carry one (1) ton and one-half (½), and that the said truck was in perfect mechanical condition to and would carry one (1) ton and one-half (½) and such representations were true.

"V.

"That it is not true that the said Girola Bros., at the time they sold the said truck, knew that the same would not do

the work for which it was purchased, and that the same was not in good mechanical condition, but on the contrary the said Girola Bros. represented that the truck would carry one (1) ton and one-half (½), and was in good mechanical condition for that purpose; that it is not true that defendant in purchasing said truck relied upon any false representations of said Girola Bros.; and that no false representations were made by said Girola Bros.

## "VI.

"That it is not true that at the time the said defendant purchased said truck said Girola Bros. falsely and fraudulently represented that the said truck would carry a load of three (3) tons; that it is not true that at that time or at any other place or time or at all said Girola Bros. represented falsely and fraudulently to the said defendant that the said truck was in a perfect mechanical condition.

## "VII.

"That it is not true that the said defendant relied upon said or any false or fraudulent representations in agreeing to purchase the said truck upon the terms set forth in said agreement, or that said Girola Bros. made any false or fraudulent representations whatsoever, and/or that said defendant was induced by any false or fraudulent representations to purchase the said truck.

## "VIII.

"That it is not true that the said defendant at any time thereafter in good faith offered to return the said truck to Girola Bros. but that it is true that the said defendant by lapse of time and use of said truck waived any right of rescission."

■ The defendant contends that the evidence is insufficient to justify the decision. In support of that point he quotes the testimony introduced by him. The point is not sustained by the record. There was an abundance of evidence introduced by the plaintiff to negative any fraud. Judging from the findings the trial court believed the witnesses produced by the plaintiff. This court may not disturb the judgment under those circumstances.

■ The defendant contends that the findings of fact are inconsistent. In support of the point he contends that finding number VIII conflicts with findings IV, V, VI, and VII.

But if one turns to the findings and reads them it appears at once that finding number VIII was addressed to the count on rescission, whereas the other findings were addressed to the alleged defense of fraud and that each finding is addressed to a separate subject.

The defendant contends that he was entitled to plead the fraud of the plaintiff's assignor by way of defense. There is no question about that rule of law presented by this record. Conceding that the pleading of the defendant was in all respects proper, nevertheless, the facts alleged by him were found against him. The record presents no question of a sufficient pleading.

Finally, the defendant complains because the trial court made no findings on the allegations contained in his cross-complaint. The vice of that contention rests in this, it is not true. As stated above, the defendant's answer contained (1) certain denials, (2) an affirmative defense alleging fraud, (3) a cross-complaint alleging fraud. The fraud alleged in the affirmative defense and the fraud alleged in the cross-complaint consisted of the same items. As to those items the court made the findings hereinabove set forth. No duty rested on the trial court to find twice on the subject of fraud merely because the defendant's pleading contained two separate allegations of one and the same set of facts. Having found that the plaintiff's assignor had not committed any fraudulent act, it follows that any other allegation contained in the cross-complaint, whether found upon or not, was immaterial.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, J., concurred.