[Civ. No. 7461.   Second Appellate District, Division One.—September 8, 1932.]

L. N. KNIGHT, Respondent, v. WILLIAM C. PAULTON, Appellant.

Alfred W. Robertson, L. M. Crawford and Robertson & Crawford for Appellant.

James W. Briscoe for Respondent.

CONREY, P. J.—The defendant executed and delivered to the plaintiff his promissory note dated November 2, 1922, made payable ninety days after date. There is ample evidence to sustain the court's finding that the note remains wholly unpaid. By defendant's answer to the complaint he denied the alleged fact of nonpayment, and asserted that the entire amount had been paid. Defendant further set forth that on March 19, 1923, defendant settled the entire obligation of the said promissory note and received a receipt in full satisfaction therefor from the plaintiff. Said receipt was introduced in evidence and was signed by both plaintiff and defendant on its date March 19, 1923. The body of the instrument reads as follows: "The undersigned, each for himself, acknowledges that all claims, demands and obligations existing between them to this date, have been settled; except that W. C. Paulton acknowledges that he holds forty (40) shares of stock of the Paulton Oil Company which belong to L. N. Knight, and will be delivered to him on demand."

The amount of the promissory note was a balance due from defendant to plaintiff for the drilling of an oil-well by plaintiff for defendant. Under a separate contract the plaintiff drilled another oil-well for the Paulton Oil Company, which company had been organized for the purposes of the business which theretofore was the individual business of defendant Paulton. The defendant claimed that the foregoing receipt constituted conclusive evidence of payment of the note. Plaintiff on the other hand claimed that the receipt related entirely to the business transactions of the plaintiff with the Paulton Oil Company, of which Paulton was president.

According to the testimony of the plaintiff there was a settlement on March 19, 1923, of his transactions with Paulton Oil Company, but it did not include said promissory note or relate to the same in any manner, and in fact said note remains wholly unpaid. The court by its amended

findings decided that the said receipt was obtained by the defendant from the plaintiff by fraud, and that it was not intended by the parties that said instrument was an acknowledgment of payment of the promissory note. From an examination of the evidence we conclude that the evidence is sufficient to sustain this finding. And even if the defendant did not have any fraudulent intent in the drafting and execution of the receipt, nevertheless, in view of the finding that the parties did not intend that said receipt should refer to the note, and that the note has not in fact been paid, the attempted defense based upon said receipt must fail.

The amended finding to which we have referred was made in connection with the court's ruling on defendant's motion for a new trial. Such amendment is permitted by section 662 of the Code of Civil Procedure.

Appellant contends that the order denying new trial and the amended findings of fact were filed more than sixty days after notice of entry of judgment, and that therefore the court was without authority to make such amended findings. (Code Civ. Proc., sec. 660.) But appellant has not made reference to any page of the record showing that there ever was any notice of entry of judgment in this case either served or filed. Therefore the sixty-day period began to run on the day of service of the notice of intention to move for a new trial. The record shows that the court acted within that time.

Appellant contends not only that the instrument relied upon by him constitutes a release, but further contends that the court erred in admitting the evidence which was admitted to show that the receipt did not apply and was not intended to apply to said promissory note. We are of the opinion that the said instrument does not on its face definitely purport to say that the said note or any such instrument has been paid. It is merely an acknowledgment by the respective parties "that all claims, demands and obligations existing between them to this date, have been settled". It is entirely consistent with such an admission that the settlement referred to may have been a settlement accomplished by the giving of the note and not by its payment. We see nothing in the nature of the instrument which makes it sufficient in its force and effect

to exclude the explanatory testimony which was received by the court.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 4, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 7, 1932.