[Civ. No. 8663.   Second Appellate District, Division Two.—December 14, 1932.]

H. C. ISKE, Appellant, v. STOCKWELL-KLING CORPORATION (a Corporation), Respondent.

J. Marion Wright for Appellant.

Rohe & Weikert for Respondent.

THOMPSON (IRA F.), J.—Respondent has moved to dismiss the appeal in this case upon the ground that the notice of appeal was not filed within the time required by law. The record shows that notice of intention to move for a new trial was filed on May 27, 1932, there having been no notice of entry of judgment theretofore served upon appellant. Subsequently, and on May 31, 1932, respondent served upon appellant a notice of entry of judgment. A motion for a new trial was made and a denial thereof was entered on July 27, 1932, and a notice of appeal was filed on August 26, 1932.

The parties agree that if the sixty-day period within which the court had power to rule on the motion for a new trial started to run from the time notice of intention to move for a new trial was filed the ruling of the court on such motion was beyond the sixty-day period, that the motion was therefore deemed denied by operation of law on July 26, 1932, and hence the notice of appeal was not filed within thirty days thereafter as required by the provisions of section 939 of the Code of Civil Procedure, which reads as follows: "An appeal may be taken from any judgment . . . within sixty days from the entry of said judgment . . . If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, *or other termination in the trial court of the proceedings upon such motion.*" (Italics ours.)

Respondent contends that under the provisions of section 660 of the Code of Civil Procedure, as amended in 1929, and in effect at the time of the trial, the date on which notice of intention to move for a new trial was filed started the time running within which the court had power to rule on such motion. That section reads as follows: "The power of the court to pass on motion for a new trial shall expire sixty (60) days from and after notice on the moving party of written notice of the entry of the judgment, or if such notice has not *theretofore* been served, then sixty (60) days after filing of notice of intention to move for a new trial. If such motion is not determined within said sixty

(60) days, the effect shall be a denial of the motion without further order of the court.''

Appellant contends that defendant's notice of entry of judgment, filed subsequent to the notice of motion for new trial, started the time running. He cites several cases which involved the section as it existed prior to the 1929 amendment, and which held that the time begins to run from the filing of notice of entry of judgment, and not from the notice of intention to move for a new trial. But these cases are beside the point. The section as it existed prior to the 1929 amendment reads as follows: ''The power of the court to pass on motion for new trial shall expire within two months *after the verdict of the jury or service on the moving party of notice of the entry of the judgment.* If such motion is not determined within said two months, the effect shall be a denial of the motion . . . '' (Italics ours.) A comparison of the section as amended and as it stood prior to the amendment leaves no doubt but that the legislature intended by the amendment 'that in cases where no notice of entry of judgment is served prior to the filing of notice of intention to move for a new trial, the sixty-day period begins to run from such time and that no notice of entry of judgment is necessary before a motion for a new trial may be made, and properly so because the notice of intention indicates actual notice. The section as amended is in the alternative, providing that the court may pass upon the motion within sixty days ''from and after service on the moving party of written notice of the entry of the judgment, *or* if such notice has not theretofore been served, *then sixty (60) days after filing of the notice of intention to move for a new trial''.* (Italics ours.) In the case of *Payne* v. *Hunt,* 214 Cal. 605 [7 Pac. (2d) 302], the Supreme Court said: ''In the instant case no notice of entry of judgment was served. The sixty-day period must therefore be counted from . . . the date of filing the notice of intention to move for a new trial.'' (See, also, *Knight* v. *Paulton,* 125 Cal. App. 688 [14 Pac. (2d) 94], and *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459].) It is patent, we think, that the notice of appeal came too late.

Appeal dismissed.

Works, P. J., and Stephens, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1933.