[Civ. No. 8328. Second Appellate District, Division One.—December 4, 1934.]

FRANK S. RUBENS, Respondent, v. NOBLE E. WHITTEMORE, Defendant; ARROWHEAD HIGHLANDS COMPANY (a Corporation), Appellant.

Elmer P. Bromley and H. E. Lindersmith for Appellant.

P. R. Hornbrook and J. Harper Shoop for Respondent.

SHINN, J., *pro tem.*—Arrowhead Highlands Company, one of the defendants, appeals from an order granting plaintiff a new trial.

At the close of plaintiff's case, on June 9, 1931, the court made and entered an order granting a nonsuit in favor of said defendant. The trial proceeded as to the other defendant and on August 29, 1931, findings and judgment were signed and filed, awarding costs to the defendants. In the meantime, on August 24, 1931, plaintiff served upon the defendants and filed his notice of intention to move for a new trial. Plaintiff's motion was presented and submitted October 20, 1931. On October 23, 1931, defendants served on plaintiff notice that judgment had been entered in favor of the defendants September 1, 1931. On December 18, 1931, the court made its order granting plaintiff a new trial as to the defendant Arrowhead Highlands Company and denying the motion as to the other defendant.

Appellant argues that the court was without jurisdiction to grant a new trial, for the reason that the notice of intention was given before findings and judgment were signed and filed and was ineffectual for any purpose because it was prematurely given, and for the further reason that the time in which the court could grant a new trial had expired before the order was made. It is not claimed, nor do we believe it could be successfully contended, that the order of June 9, 1931, was not a judgment of nonsuit. Taking the view most favorable to respondent, the notice of intention to move for a new trial may be considered as relating to the judgment of nonsuit. The notice was effective to give the court jurisdiction to grant a new trial after the judgment of nonsuit. The other point raised, namely, that the court was without jurisdiction to make the order because the time had expired, is answered when it is determined when the time commenced to run. If the time in which the court could grant plaintiff a new trial as to defendant Arrowhead Highlands Company commenced to run on August 24th, the date of the notice of intention, the time within which the court might grant a

new trial had expired before the order was made. If the time commenced to run October 23d, the date on which notice of entry of judgment was given, it had not expired on December 18th when the order was made. This question is answered in appellant's favor in *Iske* v. *Stockwell-Kling Corp.*, 128 Cal. App. 192 [17 Pac. (2d) 203, 204]. In that case a notice of entry of judgment was· filed four days after the filing of a notice of intention to move for a new trial. It was contended there, as here, that the time commenced to run upon the later date. The court, after quoting the provisions of section 660 of the Code of Civil Procedure and comparing the provisions after the amendment in 1929 with those prior to the amendment, said: "A comparison of the section as amended and as it stood prior to the amendment leaves no doubt but that the legislature intended by the amendment that in cases where no notice of entry of judgment is served prior to the filing of notice of intention to move for a new trial, the sixty-day period begins to run from such time and that no notice of entry of judgment is necessary before a motion for a new trial may be made, ·and properly so because the notice of intention indicates actual notice. The section as amended is in the alternative, providing that the court may pass upon the motion within sixty days 'from and after· service on the moving party of written notice of the entry of the judgment, *or* if such notice has not theretofore been served, *then sixty (60) days after filing of the notice of intention to move for a new trial'.*"

In the present case, no notice of entry of judgment had been served before the filing of the notice of intention to move for a new trial. Hence the time commenced to run within which the court might grant the motion on August 24, 1931, and expired sixty days thereafter. The order must be reversed as having been made without jurisdiction and it is so ordered.

Conrey, P. J., and Houser, J., concurred.