[Civ. No. 10944. Second Appellate District, Division One.—September 3, 1936.]

HELENE COSTELLO DEL BARRIO, Respondent, v. JULIA LOUISE SHERMAN, Executrix, etc., Appellant.

Simon & Garbus and Cosgrove & O'Neil for Appellant.

Milton M. Cohen, Milton M. Cohen, Jr., and Louis T. Fletcher for Respondent.

SHINN, J., *pro tem.*—Plaintiff sued the special administrator with general powers of the estate of her deceased former husband, for the value of certain personal property alleged to have been converted by the decedent, after plaintiff's divorce from him and the execution of a property settlement agreement by which certain personal property was divided between them. Plaintiff had judgment against the special administrator and against Julia Louise Sherman, intervener, sole beneficiary under the will of decedent, for the sum of $4,655.55, as the value of the property alleged to have been converted. Defendant administrator and Julia Louise Sherman, intervener, moved for a new trial. Their motion was denied but in ruling upon the motion the court made amended findings of fact and conclusions of law upon which the judgment in plaintiff's favor was increased to the sum of $5,232.05. Both defendant and intervener appeal from the original judgment and from this judgment, the appeal of the special administrator being prosecuted by Julia Louise Sherman, as executrix.

Appellants urge the insufficiency of the evidence to support the findings of conversion. They claim that plaintiff's ownership of the property was not established and that no act of conversion by decedent was proven. We are of the opinion that the evidence was sufficient to justify the decision of these issues in plaintiff's favor as stated in the original findings. The property consisted of household articles and wearing apparel which were in the home of the parties at the time of their separation. The agreement provided in part that "any and all individual property belonging to either of the parties hereto in the form of household furniture or furnishings or wearing apparel shall be and remain the property of each such party; that in so far as the wedding presents are concerned it is agreed that those gifts which came personally to the party of the first part shall

belong to her and those which came directly to the party of the second part shall belong to him, and as to all gifts made by mutual acquaintances, they shall be and remain the property of the party of the first part.'' The court took evidence concerning some sixty-two articles claimed by plaintiff, awarded her thirty-nine of such articles and found that the remainder were the property of decedent and belonged to his estate. We deem it unnecessary to recite the substance of this evidence. Plaintiff's claims to each of the articles awarded to her were supported either by direct or by sufficient circumstantial evidence tending to prove that such articles belonged to that class of property designated as her ''individual'' property in the agreement of settlement.

In support of the charge of conversion plaintiff's evidence showed that certain demands were made upon decedent for the delivery to her of the articles which she claimed. She had received some of her property either at the time of the settlement or shortly thereafter. Other portions thereof to which she was clearly entitled were refused her and were retained by decedent without right and without any claim of ownership upon his part. Written demands were made by her counsel which were also refused. Plaintiff telephoned decedent and demanded the remainder of her property, which demand was likewise refused. In the demands made by her counsel, plaintiff did not claim all of the articles, ownership of which she later asserted in a claim filed against the estate. It does not appear from the evidence that in making any of her several demands plaintiff enumerated all of the articles which she charges were converted. The discrepancies between her several demands are urged upon appeal as proof that no conversion took place. The sufficiency of the demand which is challenged by appellants involved a question of fact for the decision of the trial court and the conclusion reached by that court finds sufficient support in the evidence. The unqualified refusal of decedent to deliver to plaintiff any of the articles demanded by her, even though her claim to many of them was undisputed, and evidence of the declarations of decedent with respect thereto, sufficiently established the intention of decedent to retain for his own use any and all of plaintiff's property remaining in his possession. The parties were husband and wife at the time the division of the property was

effected, and the trial court might reasonably have believed that during the negotiations which terminated in the agreement, decedent knew the extent of the claims that plaintiff was asserting to a share of the property and thus understood which of the articles in his possession were referred to by plaintiff in the final demand which she made for their possession. It is altogether clear that a demand in more specific terms would have been unavailing. Upon this state of the record the finding of the trial court that a conversion took place should not be disturbed.

■ The court did not err in admitting oral evidence for the purpose of identifying plaintiff's property. The agreement did not purport to state all of the terms agreed upon. The "individual" property which each party was to receive was not described. A list of property prepared at the time of the agreement and subscribed by the parties, but not referred to or incorporated in the agreement, likewise does not appear to be a complete list and quite obviously was not complete, since it omitted articles which are conceded to have belonged to plaintiff. It was necessary for the court to receive oral evidence to identify the property referred to in the agreement in general terms. The evidence received did not tend to contradict or vary the terms of the writing.

■ Plaintiff, over the objection of defendants, was permitted to testify that she was the owner, at the time the action was filed, of the property alleged to have been converted. The admission of this testimony is assigned as error. If the court's ruling was erroneous, a question which we do not decide, any error committed in that connection was harmless. The court did not accept the testimony of plaintiff as evidence of ownership. Some twenty-two of the articles claimed by her and which she testified belonged to her were found to belong to decedent. The evidence accepted by the court as proof of plaintiff's ownership was that furnished by other witnesses and by the circumstances under which the several articles were brought to the home of the parties or were otherwise acquired. The record is replete with passages which show this to be the fact. Defendants therefore were not prejudiced by the ruling criticised.

■ Defendants offered in evidence plaintiff's original claim against the estate presented to the administrator and which was later amended so as to include numerous articles

claimed by plaintiff but not described in the original claim. Plaintiff's objection to this offer was sustained and this ruling likewise is assigned as error. It may be conceded that the evidence might properly have been received as tending to show contradictory and inconsistent claims made by plaintiff, but we are unable to see how the rejection of the evidence was harmful to the defendants. The court found plaintiff's claims to be largely excessive and awarded her only such articles as were shown to be hers by the testimony of other witnesses. Further contradiction of the allegations of her amended claim and of her complaint would not have brought about a different judgment.

In ruling upon defendants' motion for a new trial and in denying the same the court made amended findings of fact. Certain articles which had been awarded to plaintiff by the original findings were by the amended findings declared to be the property of the decedent. These articles were of the value of $697.50. The effect of these changes in the findings, therefore, was to reduce the principal amount to which plaintiff was entitled to the sum of $3,958.05. The propriety of the court's action in granting defendants a portion of the relief sought by their motion for new trial is not questioned and the procedure thus far was unquestionably correct; however, without any motion for a new trial by the plaintiff, the court made certain other changes in the findings by which articles first found to be the property of the decedent were awarded to plaintiff. The value of these articles was $1274. Therefore, by the judgment entered on the amended findings, the amount awarded to plaintiff exceeded by $576.50 the amount of the original judgment in her favor. We are of the opinion that the amendments made to the findings in the respects in which they were more favorable to plaintiff than were the original findings, were unauthorized. We find no authority under which the court, in denying a new trial, may under new findings increase the amount of a judgment in favor of a party who has made no motion for a new trial. The power conferred upon the court by section 662 of the Code of Civil Procedure, added in 1929, to change or add to the findings, to make new findings or to reopen a case for further proceedings must be construed with reference to the purpose which called for the enactment of the new section. It was said in

*Spier* v. *Lang,* 4 Cal. (2d) 711 [53 Pac. (2d) 138] : ''The obvious purpose of the statute, discerned from the language employed, was to give to the court on denying the motion for a new trial the broad power to change its findings and to modify its judgment and thus avoid the necessity of a new trial. This was to subserve the ends of justice and to prevent unnecessary delays in cases where the court deemed itself mistaken as to its previous view of the evidence or in the application thereto of the law.'' The plaintiff in the present action, not having moved for a new trial, was not entitled to one. The court of its own motion could not have granted her a new trial. (*Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446] ; *Quevedo* v. *Superior Court,* 131 Cal. App. 698 [21 Pac. (2d) 998] ; Code Civ. Proc., sec. 657.) The effect of the amended findings in so far as they reversed findings in favor of the defendants and awarded plaintiff property denied her by the first findings and judgment was to increase the award of damages in her favor. This was relief which she was not entitled to unless she sought it by proceedings authorized by statute. Inadequate damages awarded to a plaintiff can furnish no ground for granting a defendant's motion for a new trial. The judgment in plaintiff's favor could have been increased only after a new trial was had or by the proceedings authorized by section 662 of the Code of Civil Procedure which was provided to obviate the necessity of a new trial. The purpose of the new section was to give to the court power to make different findings and enter a different judgment which under the former procedure could have been done only upon a retrial of the action. The court is not empowered to give a greater judgment in favor of a plaintiff who seeks no review or correction of the judgment by motion for a new trial. It results, therefore, that the original judgment was properly reduced to the principal amount of $3,958.05, and that the amendments of the findings purporting to award plaintiff the sum of $1274, as the value of articles declared in the original findings to belong to the estate of the decedent must be disregarded.

We find in the record no basis for a judgment against Julia Louise Sherman, in her individual capacity, but as no point is made of this fact we deem it to have been waived.

The judgment is modified by substituting for the sum of $5,232.05, the sum of $3,958.05, and as modified is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 2, 1936.