[Civ. No. 2819.    Fourth Dist.    June 25, 1942.]

WOODRUFF IRVINE WILLIAMS, Respondent, v. G. K. KAWANAMI, Appellant.

[Civ. No. 2820.    Fourth Dist.    June 25, 1942.]

RICHFIELD OIL COMPANY (a Corporation), Respondent, v. G. K. KAWANAMI, Appellant.

Harry W. Horton and Reginald L. Knox, Jr., for Appellant.

Clarence B. Smith for Respondents.

BARNARD, P. J.—These two cases arose out of a collision between an automobile owned by Richfield Oil Company and driven by its employee, Williams, and a small truck owned and operated by the defendant. One action involved personal injuries suffered by Williams and the other damages to the car owned by the oil company. The two cases were consolidated for trial. The court, sitting without a jury, found in all respects in favor of the respective plaintiffs and separate judgments were entered from each of which the defendant has appealed. The two appeals have been presented upon one set of briefs and, for convenience, we will refer to Williams, the driver of the car, as the respondent.

The accident happened on December 14, 1939, on U. S. Highway No. 99, about three miles north of Calexico and a short distance south of the intersection of that highway with Jasper Road. At the place in question Highway 99 runs north and south and consists of a pavement 22 feet wide with a white line down the middle and with 5-foot oiled shoulders on each side. Jasper Road is a graveled county road which intersects this highway at right angles.

Shortly after noon on this occasion a number of employees of the oil company left Calexico on their way to El Centro in two cars, one driven by the respondent and the other by one Cairns. The respondent was following the car driven by Cairns and they proceeded north on Highway 99 at a speed of between 35 and 40 miles per hour. As they neared the intersection with Jasper Road Cairns was following appellant's truck, which was also proceeding north. Cairns started to pass the truck on the left but observing that appellant was moving over into the center of the road Cairns swerved and passed the truck on the right. When Cairns started to pass the appellant the respondent was about 75 feet behind Cairns. The respondent did not see the truck until Cairns was passing it, and when Cairns had succeeded in passing the truck the respondent was within 50 feet of it. The appellant, who had been moving slowly, stopped his truck at an angle across the highway with his left front wheel at the white line or just past the white line. Seeing him stopped there, the respondent started to pass the truck on the left but just then the appellant drove ahead about three feet and again stopped with his truck at an angle of 45 degrees across the highway. When the respondent saw the appellant start

up after having first stopped he swerved and attempted to pass on the right of the truck, and also tried to stop, but the left front of his car came into contact with the right rear corner of the truck, causing the damages in question. The respondent, who had been travelling at from 35 to 40 miles an hour, slowed to from 25 to 28 miles an hour when he saw the truck. When he saw the appellant again move forward, and about the time he swerved to the right, he put on his brakes but was unable to stop.

The evidence is, of course, sharply conflicting. The appellant testified that he was moving over to the center of the highway in order to turn west at this intersection, that he started to pull over about 10 feet south of the south edge of the intersection, and that his truck was well within the intersection when the collision occurred. According to other evidence in the record the collision occurred somewhere from 75 to 100 feet south of the south line of the intersection. There is ample evidence that the appellant gave no arm signal indicating his intention to turn left at this intersection.

Appellant's first contention, that there is no evidence of negligence on his part, requires little consideration in view of the evidence that he failed to give a warning of his intention to turn, that he started to make the turn a considerable distance before he reached the intersection, and that he stopped on two occasions in the center of this highway with his truck angling across the road. Upon sufficient evidence the court found he was guilty of negligence in these and other respects.

Appellant's main contention is that the respondent was guilty of contributory negligence as a matter of law. It is asserted that the respondent was guilty of negligence in that he had been driving too close to Cairn's car, which preceded him; that he was going too fast; that he violated section 530 (b) of the Vehicle Code in attempting to pass the truck within 100 feet of the intersection; that he violated section 529 (b) of the Vehicle Code in attempting to pass the truck upon the right when to do so would make it necessary for him to drive upon the shoulder of the highway; that he did not sound his horn; and that being himself negligent in these various respects he could not rely upon or invoke the sudden peril rule.

It may first be observed that the evidence is conflicting with respect to whether the respondent sounded his horn. Whether

or not the respondent had been traveling too close to Cairn's car was a question of fact, as was also the question as to the causal connection of such negligence, if any, with the happening of the accident. The argument that the respondent was going too fast is based upon the contention that the collision occurred within 100 feet of the intersection and that this was an obstructed corner wherein a speed limit of 15 miles an hour would apply. A great deal of argument is presented as to whether or not this was an obstructed corner and whether the court properly found that it was not. We do not regard those matters as material here. The evidence was conflicting as to whether or not it was an obstructed corner and, assuming that it was, the collision occurred before the respondent reached the intersection, there is nothing to show conclusively that he could not have slowed to 15 miles an hour by the time he reached the intersection, and nothing in this connection can support a finding of contributory negligence as a matter of law. Whether the respondent was guilty of negligence in attempting to pass on the left within 100 feet of an intersection and in attempting to pass on the right where it might have been necessary to swing out on the shoulder, are also questions of fact. The matter of proximate cause presented a further question of fact. If the evidence on behalf of the respondent, which the trial court accepted, is taken as true, the respondent was suddenly confronted with a perilous situation caused by the acts of the appellant in starting to make this turn too soon and without warning, in stopping and starting up and again stopping with his truck across the highway at a time when the other cars were approaching. Conceding that a close question of fact was presented with respect to contributory negligence on the part of the respondent, and further assuming that the finding thereon could well have been the other way, it can not be held, as a matter of law, that there was such contributory negligence. The question was one of fact for the trial court and the evidence sustains the material findings as made.

The judgments are affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied July 20, 1942, and the following opinion thereupon rendered:

THE COURT.—The appellant has filed a petition for a rehearing. With one exception, nothing is presented other

than questions of fact. It is asserted, however, that the opinion contains an untrue statement in that it is there said that ''the evidence is conflicting with respect to whether respondent sounded his horn.'' As pointed out, the respondent testified to the effect that he did not think he had blown his horn. But counsel has overlooked the fact that the witness Collett, who was riding with respondent at the time, testified at least four times that the respondent did sound his horn, which supports the statement made.

The petition for a rehearing is denied.

Appellant's petition for a hearing by the Supreme Court was denied August 20, 1942.