[Civ. No. 16156. Second Dist., Div. Two. Mar. 2, 1948.]

ROSALIND FRANCIS WARNER, Respondent, v.
FORREST W. HARRIS, Appellant.

Frank L. Rogers for Appellant.

Kilpatrick & Robbins and C. M. Kilpatrick for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action for an accounting, defendant appeals.

The essential facts are these:

Plaintiff filed a complaint containing two counts, the first to establish a trust, the second for the dissolution of a partnership and an accounting.

Defendant filed a general and special demurrer to each count of the complaint, which demurrer was overruled. Thereafter following a trial the court entered a judgment in favor of plaintiff, and among others made the following finding: "VII That it is true as alleged in the 'Third, Separate and Distinct Defense' of the Answer that the agreement described in paragraph III of these Findings of Fact was not in writing, and that there was no note or memorandum thereof subscribed by the defendant or any agent of his, and it is true also that the effect of said agreement was to create a partnership and a trust; that except as thus found to be true, each of the other allegations and conclusions of said 'Third, Separate and Distinct Defense' is untrue."

Subsequently in denying defendant's motion for a new trial the court amended paragraph VII to read as follows: "That it is true as alleged in the 'Third, Separate and Distinct Defense' of the Answer that the agreement described in paragraph III of these Findings of Fact was not in writing, and that there was no note or memorandum thereof subscribed by the defendant or any agent of his and it is true also that

said agreement was one purporting to create a partnership or a trust or a joint adventure; that except as thus found to be true, each of the other allegations and conclusions of said 'Third, Separate and Distinct Defense' is untrue.''

The court also made an additional finding, number IX, which reads thus: "That the two alleged causes of action set forth in the complaint do not relate to or describe two separate and distinct sets of facts, but are merely the pleader's alternate constructions of one and the same set of facts; and in respect to the allegations of paragraphs II, III, IV, V and VI of the Second, Separate and Distinct Cause of Action set forth in the complaint, the findings of the court as to the agreement and transactions between the parties are as hereinabove set forth, and hence need not be repeated, *the conclusion of this court being that the parties were joint adventurers.*'' (Italics ours.)

Three questions are presented for our determination which will be stated and answered hereunder consecutively:

■ First: *Did the trial court err in overruling defendant's demurrer to the complaint?*

This question must be answered in the negative. The second cause of action in the complaint alleged essential facts which, if supported by evidence, would entitle plaintiff to an accounting predicated upon the theory that the parties had entered into a joint venture. It is not necessary in alleging such a cause of action to set forth the exact amount of the contribution of each joint venturer or the dates upon which they were made.

Defendant has failed to direct our attention to any defect in the cause of action thus alleged.

■ Second: *Did the trial court err in failing to specifically indicate upon which cause of action the judgment was predicated?*

This question must likewise be answered in the negative. One valid count in a complaint is sufficient to sustain a judgment, and upon appeal the judgment will be presumed to be based upon such count. (*Coombs* v. *Minor*, 60 Cal.App. 2d 645, 655 [141 P.2d 491]; *Martin* v. *Los Angeles Turf Club, Inc.*, 39 Cal.App.2d 338, 349 [103 P.2d 188].) ■ Where a complaint contains several causes of action, one of which is sufficient to sustain the judgment, the judgment will not be reversed even though another cause of action may be in-

valid. *(Coombs* v. *Minor, supra; Martin* v. *Los Angeles Turf Club, Inc., supra.)*

In the present case the second cause of action alleged, as we have heretofore indicated, was valid. Therefore we need not discuss claimed defects in the first cause of action.

█ ˙Third: *Did the trial court exceed its authority in (a) amending its previous finding, number VII, and (b) making an additional finding, number IX, at the time it denied defendant's motion for a new trial?*

This question must also be answered in the negative. In ruling on a motion for a new trial the court may on such terms as it deems just change its former findings or make new findings. (Code Civ. Proc., § 662; *Gossman* v. *Gossman,* 52 Cal. App.2d 184, 198 [126 P.2d 178]; *Bureau of Welfare, etc., Assn.* v. *Drapeau,* 21 Cal.App.2d 138, 150 [68 P.2d 998].)

The statement in *Del Barrio* v. *Sherman,* 16 Cal.App.2d 407, 412 [60 P.2d 559], that there is no authority for the trial court in denying a motion for a new trial to make new findings increasing the amount of a judgment in favor of a party who has not made the motion for a new trial, is contrary to the provisions of section 662, Code of Civil Procedure and the authorities hereinbefore cited. (See also, *Hontou* v. *Orvis,* 42 Cal.App.2d 585, 591 [109 P.2d 395].)

Applying the foregoing rule, the trial judge had authority, in denying the motion for a new trial, to modify its finding, number VII, and to make the new finding, number IX.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.