[Civ. No. 18844.   First Dist., Div. One.   May 31, 1960.]

ROSE MARY OLIVER, Respondent, v. ANTHONY
BOXLEY, Appellant.

Marvin C. Hix for Appellant.

James J. Duryea and David J. Levinson for Respondent.

DUNIWAY, J.—Defendant and cross-complainant appeals from a judgment against him in a personal injury action,

following a trial by the court sitting without a jury. He contends that respondent was contributorily negligent as a matter of law, that the court erred in that, on his motion for new trial, it vacated and set aside the findings and made amended findings without setting aside the judgment and entering a new judgment, and in that the court failed to make findings on the cross-complaint. We conclude that the evidence supports the finding that respondent was free of contributory negligence, and that the court's procedure and findings were proper, but that the findings and judgment should be modified.

### THE FACTS

In stating the facts, appellant's counsel has disregarded the long established rule that the power of this court begins and ends with a determination that there is substantial evidence to support the finding, and that, in making that determination, we must examine the evidence in the light most favorable to the finding, disregarding contrary evidence and inferences that might have been, but presumably were not, drawn from such contrary evidence. (*Grainger* v. *Antoyan,* 48 Cal.2d 805, 807 [313 P.2d 848].)

Applying the foregoing rule, we find that the record discloses the following facts: The collision occurred on May 26, 1957, at aproximately 8:30 p. m. Appellant and respondent were both proceeding south on the East Shore freeway in the city of Oakland. There were three lanes in the southbound half of the freeway. The road surface was dry and the weather was clear. Traffic on the highway was moderate. Dusk had descended, but headlights were not yet necessary. At High Street there are exits on both the right and left sides of the southbound lanes. The one on the right leads to the city of Alameda and that on the left into east Oakland. Drivers are advised of this situation by an overhead sign which extends the width of the freeway, some 100 feet before the exits begin. A solid concrete barrier which borders the left lane of the southbound portion of the freeway terminates at the beginning of the left exit and resumes 480 feet further south. Between these two points and following a length of the highway along which traffic can pull over to the left free of obstructions, small raised markers serve to divide the left lane of the freeway from the exit lane.

Appellant was driving in the left lane, underway to visit

friends in east Oakland. He was not familiar with the road, and slowed down as he approached the High Street exits and considered whether or not to turn off. He decided to remain on the freeway and continued past the exit. In the meantime, respondent was approaching in the left lane at a speed of 45 to 50 miles per hour. She was following another car at a distance of three to four car lengths. Suddenly the car in front of respondent changed from the left to the middle lane, and for the first time respondent saw appellant's car, only two car lengths ahead of her. Appellant's rate of speed at that time was no more than 5 miles per hour. Respondent applied her brakes but collided with appellant nevertheless. When respondent first saw appellant's automobile, it was nearing the end of that portion of the freeway bordered by the small raised markers. The collision occurred at the point where the markers end and the solid barrier recommences. Respondent had had two beers to drink an hour and a half or more before, but was not under the influence of alcohol.

1. *Respondent was not negligent as a matter of law.*

The foregoing evidence does not compel a finding that respondent was negligent; on the contrary, it supports the finding that she was not. Appellant cites cases stating that, "The fact that a vehicle has collided with a car ahead tends to a conclusion that the driver of the overtaking vehicle was responsible for the collision." (*Wright* v. *Ponitz,* 44 Cal.App.2d 215, 219 [112 P.2d 25]; see also *Cartmill* v. *Arden Farms,* 83 Cal.App.2d 787 [189 P.2d 739].) In Wright the court affirmed a jury verdict that the overtaking driver was negligent, and in Cartmill the court affirmed an order granting a new trial on the ground that the question of whether the overtaking driver was negligent was for the jury. Neither case holds that the following driver is negligent as a matter of law.

In the Wright case, at page 219, the court also said, " 'Although the contention has often been made that the leader alone was guilty of negligence or that the follower alone was guilty of negligence, in general it has been held that the case as made by each party presented a question of fact for the jury and was not solely a question of law for the courts,' " (quoting from *Donahue* v. *Mazzoli,* 27 Cal.App.2d 102, 105 [80 P.2d 743]). And at page 220: " 'It is only where the deduction to be drawn from the evidence is

inevitably one way or the other, that the question of contributory negligence is to be withdrawn from the jury,'" (quoting from *Graves* v. *Kern County Transp. Corp.*, 112 Cal.App. 261 [296 P. 902]).

Many cases support the proposition that "an automobile driver is not necessarily guilty of negligence because he collides with the rear of another vehicle. (*Elford* v. *Hiltabrand*, 63 Cal.App.2d 65, 74 [146 P.2d 510].) The question whether the respondents were operating their respective cars in a careful and prudent manner would seem to present a question of fact to be determined by the jury. (*Landrum* v. *Severin*, 37 Cal.2d 24 [230 P.2d 337]; *Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636 [270 P.2d 942].)'" (*Karagcozian* v. *Bost*, 139 Cal.App.2d 874, 877 [294 P.2d 778].) A case similar factually to the one before us is *Williams* v. *Kawanami*, 53 Cal.App.2d 14 [127 P.2d 58, 996], wherein the court states (p. 17): "If the evidence on behalf of the respondent, which the trial court accepted, is taken as true, the respondent was suddenly confronted with a perilous situation caused by the acts of the appellant. . . . Conceding that a close question of fact was presented with respect to contributory negligence on the part of the respondent, and further assuming that the finding thereon could well have been the other way, it can not be held, as a matter of law, that there was such contributory negligence. The question was one of fact for the trial court and the evidence sustains the material findings as made." Some other cases to the same effect, among the many, are *Levy* v. *Martin*, 109 Cal.App.2d 730 [241 P.2d 568]; *Turkovich* v. *Rowland*, 106 Cal.App.2d 445, 447-448 [235 P.2d 123]; and *Wohlenberg* v. *Malcewicz*, 56 Cal.App.2d 508, 512-513 [133 P.2d 12].

Appellant also relies on Vehicle Code, section 21703 (former § 531), but the section does not help him here. Several of the foregoing cases hold that, under the circumstances, it is normally a question of fact, not one of law, as to whether respondent was following the vehicle ahead of him "more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon, and the condition of, the roadway." (Veh. Code, § 21703.)

2. *The court's procedure was proper.*

The original findings of fact and conclusions of law were prepared, as is customary, by respondent's counsel. They were defective in several respects. Appellant was designated

as "Oliver" instead of "Anthony" Boxley. He was found to have negligently caused his automobile to collide with respondent's. The only "finding" as to respondent's lack of negligence was in the conclusions of law. As to damages, it was found that respondent suffered $250 damage to her car, and special damages of $980. There was no direct finding as to general damages, although the finding as to special damages might be construed to include general damages. The conclusions of law show $250 damage to the car and $730 damages "to her [respondent's] body." The judgment was for $2,445, which is clearly not supported by the findings and conclusions, which would sustain a judgment for only $1,230, or perhaps only $980.

Appellant alone moved for a new trial. No doubt the defective character of the findings was then called to the court's attention. Respondent prepared new findings and conclusions. These correctly identify appellant, find that he negligently caused respondent's car to collide with his, find that respondent was not negligent and find damages to respondent as follows: Value of the car, $250, less $90 salvage realized by respondent, damages $160; special damages $730, and general damages $1,555, or a total of $2,445. The conclusions follow the findings, and together they clearly support the judgment previously entered. The court denied appellant's motion for a new trial, but "vacated and set aside" its findings of fact and conclusions of law and made "amended" findings of fact and conclusions of law, as above set forth. It did not vacate or set aside the judgment, but left it in effect.

Appellant claims error in the foregoing proceedings, arguing that the court was without jurisdiction to do what it did, respondent not having moved for a new trial, citing *Del Barrio* v. *Sherman*, 16 Cal.App.2d 407 [60 P.2d 559]; and *Ellis* v. *Klaff*, 96 Cal.App.2d 471 [216 P.2d 15]. He also asserts that the errors in the original findings were judicial not clerical.

Section 662, Code of Civil Procedure, reads: "In ruling on such motion [for a new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and

before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code.''

It will be noted that the language of this section authorizes the court to ''change or add to the findings,'' and that this is just one of a list of various things that the court may do. The use of the conjunctive ''and'' in the first part of the section, clearly does not mean that the court must do all or none of the things permitted; its effect, in the context, is to indicate that the court may do any one or more of them. (See article, *''The Difficult Choice Between 'And' and 'Or,' ''* by Reed Dickerson (Mar., 1960), 46 American Bar Association J. 310 *ff.*)

The section does not require that a change in or addition to the findings be favorable to the party moving for the new trial, nor can we think of any good reason why such a requirement should be read into the section. We also think that it does not matter that the court's order says that it ''vacated and set aside'' the findings, but does not vacate or set aside the judgment or order a new judgment or reopen the case. The substance of what the court did was to change the findings, and nothing more. To require a new judgment in such a case as this, where the original findings did not support the original judgment, but the new ones do support that judgment, would be to exalt form over substance to no purpose. It would merely add a new and superfluous piece of paper to the file.

Section 662 was added to the code in 1929 for the purpose of eliminating just such technicalities. When the section was enacted, Code of Civil Procedure, section 634, expressly recognized the widespread practice whereby the court directs a party to prepare proposed findings. The practice is still impliedly recognized by section 634 as now phrased. It is also recognized by rule 19 of the Rules of the Judicial Council for Superior Courts. A busy trial judge is entitled to assume, and frequently does assume, that counsel for the successful party is competent to prepare findings that will adequately embody the court's decision and support the judgment. Sometimes, as in this case, such confidence turns out to be misplaced. Before the enactment of section 662, such an error of counsel could have compelled a new trial. The court could then correct the findings without granting a new trial only if it could bring itself within the highly technical and artificial rules as to what constitutes ''clerical'' rather than ''judicial'' error. Otherwise its only recourse was to grant a new trial, with all of the delay, expense, and hazards therein

478

involved. See, for example, *Bunnell* v. *Thomas*, 33 Cal.App. 634 [165 P. 1047]; *Smith* v. *Taylor*, 82 Cal. 533, 544 [23 P. 217]; *Hiraide* v. *Weyl-Zuckerman & Co.*, 46 Cal.App. 246 [189 P. 113].

In *Spier* v. *Lang*, 4 Cal.2d 711 [53 P.2d 138], the court stated the purpose of the section to be "to give to the court on denying the motion for a new trial the broad power to change its findings and to modify its judgment and thus avoid the necessity of a new trial. This was to subserve the ends of justice and to prevent unnecessary delays in cases where the court deemed itself mistaken as to its previous view of the evidence or in the application thereto of the law." (P. 714.) Accord: *Wyman* v. *Monolith Portland Cement Co.*, 3 Cal.App.2d 540, 545 [39 P.2d 510]; *Solorza* v. *Park Water Co.*, 86 Cal.App.2d 653, 663 [195 P.2d 523]; *Nobel* v. *You Bet Mining Co.*, 22 Cal.App.2d 623, 628 [72 P.2d 205]; *California Machinery etc. Co.* v. *University City Syndicate, Inc.*, 3 Cal. App.2d 425 [39 P.2d 853]; *Lala* v. *Maiorana*, 166 Cal.App.2d 724, 728-731 [333 P.2d 862]. For these reasons, the statute is to be liberally construed. (*Shimpones* v. *Stickney*, 219 Cal. 637 [28 P.2d 673]; *Bureau of Welfare, Calif. Teachers' Assn.* v. *Drapeau*, 21 Cal.App.2d 138, 149 [68 P.2d 998]; *Roraback* v. *Roraback*, 38 Cal.App.2d 592 [101 P.2d 772]; *Gardner* v. *Rich Mfg. Co.*, 68 Cal.App.2d 725, 740 [158 P.2d 23]; *Hontou* v. *Orvis*, 42 Cal.App.2d 585, 590 [109 P.2d 395].)

In the following cases, the court vacated and set aside its findings and made amended findings, without entering a new judgment, and was affirmed, although the fact that no new judgment was entered was not discussed: *Moore* v. *Levy*, 128 Cal.App. 687, 695-696 [18 P.2d 362]; *Veterans' Welfare Board* v. *Burt*, 4 Cal.App.2d 659, 661-662 [41 P.2d 587]; *Heron* v. *Bray*, 122 Cal.App. 79 [9 P.2d 513]; *Knight* v. *Paulton*, 125 Cal.App. 688 [14 P.2d 94]; *Warner* v. *Harris*, 84 Cal.App.2d 131, 134 [190 P.2d 21]; *Walker* v. *Etcheverry*, 42 Cal.App.2d 472, 475-476 [109 P.2d 385]. Compare *Price* v. *Schroeder*, 35 Cal.App.2d 700, 702 [96 P.2d 949]; *Ingram* v. *Wessendorf*, 14 Cal.App.2d 16, 18 [57 P.2d 989]; and *Hontou* v. *Orvis, supra,* 42 Cal.App.2d 585, 589-590, in which the court amended its findings and entered a new judgment, which was the same as the original judgment.

*Del Barrio* v. *Sherman, supra,* 16 Cal.App.2d 407, relied upon by appellant, is not in point. It holds that, where defendant moved for new trial, the court could not, under Code of Civil Procedure, section 662, make new findings and a new

judgment against defendant for a greater amount than the original judgment. No such action was taken in the present case. Moreover, the decision seems to us contrary both to the letter and the purpose of the section. The case was criticized in *Warner* v. *Harris, supra,* 84 Cal.App.2d 131, which refused to follow it. To the same effect is *Hontou* v. *Orvis, supra,* 42 Cal.App.2d 585, 590, and compare *Neff* v. *Ernst,* 48 Cal.2d 628, 633-634 [311 P.2d 849]. *Ellis* v. *Klaff, supra,* 96 Cal.App. 2d 471, merely cites Del Barrio on another question, and is not in point at all.

3. *The findings cover the cross-complaint.*

The findings do not refer expressly to particular allegations, either of the complaint or of the cross-complaint. They do, however, find all essential facts to sustain a judgment for respondent and against appellant, both upon the complaint and upon the cross-complaint. The judgment provides, inter alia, that "defendant take nothing on the Cross-complaint." Nothing more is required. (*Kramer* v. *Sanguinetti,* 33 Cal. App.2d 303, 311 [91 P.2d 604] ; *Morris* v. *Filomeo,* 90 Cal.App. 432, 435 [265 P. 991] ; *San Gabriel Valley Ready-Mixt* v. *Casillas,* 142 Cal.App.2d 137 [298 P.2d 76].)

The findings are clearly erroneous in one respect. Respondent testified that she received $160 for her car, which had a value of $250. She thus suffered damage of $90. The finding has the figures reversed.

It is therefore ordered that paragraph VII of the amended findings of fact filed February 25, 1959, in the court below be amended by striking from the fifth line thereof "$90.00" and inserting "$160.00," and by striking from the seventh line thereof "$160" and inserting "$90.00," and that the judgment dated December 24, 1958, and entered December 26, 1958, be modified by striking from line 28 thereof "$2445.00" and inserting "$2375.00." As so modified, the judgment is affirmed. Respondent shall recover costs on appeal.

Bray, P. J., and Tobriner, J., concurred.