## AULT *v.* GASSAWAY.

*Richardson* v. *White, infra,* that the only way to charge a purchaser of property, pending a suit, with constructive notice of the suit, is by filing a notice of *lis pendens* according to the statute, affirmed.

APPEAL from the Fourteenth District.

*McConnell & Garber* and *F. J. Dunn,* for Appellant.

*Henry Meredith & C. Wilson Hill* and *Geo. Cadwallader,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action of ejectment. The property belonged originally to one Knight, under whom both parties claim. The plaintiff claims under a judgment of foreclosure, and the defendant under a deed executed during the pendency of the foreclosure suit. It does not appear that the defendant had any notice, either actual or constructive, of the pendency of that suit. On the trial of the case, the Court instructed the jury that if the defendant purchased after suit brought to foreclose the mortgage, the title of the plaintiff must prevail. In *Richardson* v. *White,* decided at the present term, we held that the old rule as to purchasers *pendente lite* did not prevail under our statute ; and that the filing of a notice of *lis pendens* was the only mode of charging such purchasers with constructive notice of the pendency of the suit. Upon the authority of that case, the judgment must be reversed and the cause remanded.

Ordered accordingly.