[Civ. No. 5804.   Third Appellate District.—September 23, 1937.]

R. E. NOBEL et al., Respondents, v. YOU BET MINING COMPANY (a Corporation) et al., Appellants.

Nilon, Hennessy & Kelly and W. E. Wright for Appellants.

J. H. Johnson and C. K. Curtright for Respondents.

MAXEY, J., *pro tem.*—The amended complaint alleges that the plaintiffs and their predecessors in interest, on February 7, 1930, located and claimed as a placer mining claim certain lands described as the north half of section 30, township 16 north, range 10 east, M. D. B. & M. (excepting certain mining claims and locations therein particularly specified) located in the county of Nevada, state of California; that the plaintiffs now have a right to the exclusive possession of such property; that the defendant, You Bet Mining Company, entered on said mining claim and property in 1933, and has asserted some claim or right to the possession of a portion of the mining claim above set forth, and that it is now mining and conducting other operations in connection with said mining venture upon the claim of the plaintiffs herein. The plaintiffs seek

to enjoin the said defendants from occupying said premises and from conducting any mining or other operations thereon, together with the usual and general prayer for relief.

The defendants answered to the amended complaint, denying that the plaintiffs or their predecessors in interest ever took possession of said property or that they are now in possession of said property, admit that they (the defendants) are in possession of said property and claim title thereto by adverse possession. The defendants further affirmatively plead that L. W. Simpson and Jennie A. Simpson, in conjunction with some of the plaintiffs, attempted to locate and claim as a placer mine a certain portion of the property set forth in the plaintiffs' amended complaint and that the defendants are the successors in interest of the said L. W. Simpson and Jennie A. Simpson by virtue of a deed made by the Simpsons to the defendants herein subsequent to the filing of the original complaint herein but prior to the filing of the answer. The defendants at the time of answering filed a cross-complaint against said plaintiffs, alleging that the plaintiffs and cross-defendants entered upon said lands and premises as the sublessee of the You Bet Mining Company, one of the defendants herein, and that any title acquired by the plaintiffs and cross-defendants by virtue of the location and claim of the placer mine specified in the complaint inures to the benefit of the defendant corporation, You Bet Mining Company, and that the plaintiffs and cross-defendants hold said property in trust for the said corporation. The said defendant, You Bet Mining Company, claims title to and right to the possession of the mining property involved herein. The defendant, You Bet Mining Company, by said cross-complaint, seeks to have its right in and to the property adjudged and its title thereto quieted and, as an alternative thereto, should the court find that the location and claim of the property involved is vested in the plaintiffs and cross-defendants, that it be declared that they hold such property in trust for the use and benefit of the defendant and cross-complainant, You Bet Mining Company, and further seeking to quiet the title of the said defendant and cross-complainant in and to certain ditches that traversed the property involved herein.

For the purpose of clarity, the plaintiffs and cross-defendants herein will hereinafter be referred to as respondents, and

the defendants and cross-complainants will be referred to as appellants.

The cause was tried before the court without a jury. At the outset of the trial it was stipulated between counsel that the cause should be tried upon the cross-complaint alone upon the theory of a quiet title action, with the burden of proof upon the appellants here and a determination had as to the rights of the respective parties to the possession of the property in question. It was further stipulated that the only property involved is Mineral Lot No. 80, which is a mining claim situated and located on the property described in the amended complaint and as hereinbefore described, and that all other parcels or portions of said described property should be excluded from the court's consideration in this action.

During the trial of the case, at the first hearing, the attorney for appellants stated to the court that their title and consequent right of possession in and to Mineral Lot 80 depended entirely upon their adverse possession of this lot.

The trial proceeded upon the stipulations and statement of counsel as above set forth.

The trial court found in favor of appellants and entered its findings and judgment quieting appellants' title to Mineral Lot 80; the respondents moved for a new trial and thereupon the court entered its order setting aside and vacating the findings and judgment and further ordering "that the case be reopened for further proceedings upon the sole issue of adverse possession and that each party introduce and give all his or its evidence bearing upon or relating to said issue".

A further hearing was had before the court at which time the sole question presented to the court was that of the adverse possession of the appellants herein and upon the conclusion of the testimony the court made and filed its findings and judgment to the effect that appellants had no title nor right to the possession of the property described in the amended complaint; that the plaintiffs were on the 7th day of September, 1930, and ever since have been and now are the owners, in possession, and entitled to the possession of the property described in the amended complaint, subject to certain ditch easements particularly specified in said judgment and findings; and that the appellants be forever debarred, restrained and enjoined from asserting or claiming any right,

title, interest or claim whatever in or to said property adverse to the plaintiffs.

Respondents admit that the description of the property contained in the findings and in the judgment is incorrect and that said findings and said judgment, under the stipulation of counsel, should be limited to Mineral Lot 80, which is a part and portion of the real property described in the findings and judgment. It will, therefore, be necessary to amend the findings and judgment in this particular.

The questions raised by appellants upon this appeal may be summarized under three general headings: First, the insufficiency of the evidence to justify the findings and judgment and that such findings and judgment are contrary to law. Second, error of the court in its order for ''further proceedings'' pursuant to section 662 of the Code of Civil Procedure and in conducting said ''further proceedings''. Third, the court's failure to find on all issues.

The sole and only question presented to the trial court, under the stipulation of counsel, was as to whether or not the appellants had acquired any title or right of possession in Mineral Lot 80 by reason of their adverse possession of that property. A careful study of the evidence admitted and of the transcript of the testimony justifies the conclusion reached by the trial court. The appellants claim title dating back to 1874 and by and through various persons from that time down to the present time as shown by the chain of title introduced as evidence in this case. No claim is made that appellants' title is founded upon any written instrument, judgment, or decree and the record is entirely silent regarding appellants or any of their predecessors in interest having occupied and claimed Mineral Lot 80 for a period of five years continuously, nor is there any testimony or showing of any kind that any taxes have ever been paid upon these premises.

Whatever title appellants had or have to this property must depend entirely upon the strength of such title as shown by the evidence in the case; it cannot be predicated upon the weakness of another's claim of title; being predicated upon the claim of adverse possession by the appellants, it is incumbent upon appellants to show clearly and conclusively that all of the requirements to perfect a title by adverse possession have been met before a decree quieting title

upon such a ground can be entered. There is an entire lack of such a showing in the instant case.

Appellants have pleaded and there is evidence indicating that a deed was given to appellants by the Simpsons to Mineral Lot 80. The appellants have, however, by the stipulation hereinbefore referred to waived any claim whatsoever that they might have under or by virtue of this deed, relying entirely upon their adverse possession to this lot. It was, therefore, unnecessary for the court to make any finding with reference to the title or purported title of appellants by or through the Simpson deed.

Appellants' further contention that respondents were holding this lot in trust for appellants by reason of respondents being sublessees of appellants and, therefore, any title acquired by them inured to the benefit of appellants is likewise without merit. There is no question that had respondents been the sublessees of the appellants and, while in possession of the premises by virtue of such sublease, acquired a title to the premises which was superior to that of the appellants they would be adjudged to hold the property in trust for appellants. Such a condition does not exist in the instant case for the reason that there is no showing that appellants at any time had any title or right to the possession of the lot in question. Appellants' title, as we have heretofore stated, depended entirely upon the adverse possession of the premises and not having held the premises by adverse possession, could execute no binding lease to respondents or any other person. The lease, or purported lease was, therefore, a nullity in so far as passing any title or right of possession to respondents or any other person since there was no basis of title at the time of the execution of the lease in 1928 nor any title subsequently acquired by the appellants herein.

The purpose of the enactment of section 662 of the Code of Civil Procedure was to afford to trial courts, sitting without a jury, the right to correct any issue, finding or judgment that it may have made in the original proceeding. The original trial of this case was for the purpose of determining appellants' title in the property or right to the possession thereof; that was the sole and only issue before the court. It is quite evident that upon the motion for rehearing the court questioned the correctness of its ruling upon this particular issue. It, therefore, had the right to set aside and

vacate the findings and judgment, and to order further proceedings had upon this limited issue in order that it might correct any mistake previously made. The order, therefore, granted by the court directing further proceedings upon the limited issue of adverse possession was within the spirit and letter of the code provision applicable thereto and hereinbefore referred to.

It is, therefore, our conclusion that the judgment heretofore entered be modified by inserting therein Mineral Lot 80 situated and located in the north half of section 30, township 16 north, range 10 east, M. D. B. & M., subject to the easement of two certain ditches commonly known as Stehr ditch and Red Dog branch of the Yuba ditch, and that the findings and judgment be amended by correcting the description as herein indicated. The judgment, as modified, is hereby affirmed, respondents to recover costs on appeal.

Plummer, J., and Pullen, P. J., concurred.