In the Matter of the Estate of THOMAS G. LOCKHART, Deceased.   RUTH LOCKHART HARPER et al., Appellants, v. GEORGE LOCKHART et al., Respondents.

W. W. Wallace and Charles F. Hutchins for Appellants.

William G. Junge, Mott, Vallee & Grant, Paul Vallee, J. Marion Wright and William Ellis Lady for Respondents.

DORAN, J.—This is an appeal from a portion of a decree and judgment rendered after a decision by the District Court of Appeal, ordering final distribution of a testamentary trust estate.  (See *Estate of Lockhart*, 21 Cal. App. (2d) 574 [69 Pac. (2d) 1001].)

The original decree of distribution of the estate of Thomas G. Lockhart, deceased, dated September 29, 1915, distributed "in pursuance of and according to the provisions of the last will of said decedent" to Security Trust & Savings Bank the residue of the estate upon the following trusts: "The net annual income *received* or *derived* from said trust estate shall go and be paid as follows, to wit: (a) The sum of one thousand ($1000) dollars per annum, in equal semi-annual installments, shall go and be paid by said trustee to George J. Lockhart, a son of the testator, to and until he shall attain the age of fifty (50) years, . . . (and thereafter) a full one-sixth of the principal of the trust estate . . . shall go, vest in and be transferred absolutely, to said George J. Lockhart." (Italics added.) Identical provisions were repeated as to another son, Harry C. Lockhart, and as to a daughter, Myra B. Rockwell, except that as to the latter the age at which the one-sixth interest would vest was fixed at 40 years. The decree further provided that "all of the remainder of said net income shall go and be paid by said trustee in equal semi-annual installments to Minnie A. Lockhart, widow of said testator", and that upon the widow's death the trust should cease and the entire property then in trust should go in fee, equally, to the three children. No appeal was taken from this decree.

The trust terminated on January 14, 1936, upon the death of the testator's widow, and the Security-First National Bank of Los Angeles, trustee, thereafter filed its seventeenth and final account and petition for instructions as to the distribution of the property remaining in its hands. In answer thereto various interested parties set forth their respective claims; among them, the administrator of the widow's estate claimed certain income which had accrued, but had not been paid to the decedent during her lifetime. Evidence, both oral and documentary, was introduced and the cause was submitted for decision.

The trial court thereafter filed its findings of fact, the material portion of which, affecting the within appeal, is in part as follows: "That at the time of the demise of said Minnie A. Lockhart the income that had been earned on the principal of the trust estate but which had not been collected, through no fault of the trustee, amounted to $16,-875.71. That on June 11, 1936, there had been collected

on said amount the sum of $1,641.64, leaving a balance of $15,234.07 income earned as of January 14, 1936, and uncollected thereon as of June 11, 1936, which the heirs and/or devisees and legatees of Minnie A. Lockhart are entitled to receive, subject to the administration of her estate, if, as and when the same is hereafter received and collected.''

The conclusions of law, and the judgment and decree approximated the findings.

Myra B. Rockwell and George J. Lockhart, the only appellants from such decree, appealed from certain other portions of the judgment, and, as pertaining to the within appeal, from that portion of the decree distributing to the estate of the deceased widow the income which had accrued prior to the widow's demise, but which remained uncollected as of June 11, 1936.

With respect to this issue, the District Court of Appeal declared: ''The judgment ordered the trustee to pay to the administrator of the widow's estate net income received and derived from the trust estate between the date of the last semi-annual installments and her death and therefore unpaid to her, and also net income earned during such period but collected thereafter. The (original) decree of distribution provided that the remainder of the net annual income *received* or *derived* from the trust estate *should* go and *be paid* by the trustees in equal semi-annual installments to the widow. It further provided that the trust should terminate upon her death, and that thereupon the entire property then in trust should vest in the three children. Appellants argue that the decree created either an annuity or a legacy for maintenance, no part of which vested in the widow before the semi-annual payment of the whole and that, therefore, net income earned but unpaid during her life should be distributed to the children as part of the trust estate instead of to the administrator as money due her. It was not an annuity because its amount, being dependent on earnings, was uncertain, and it was not a legacy for maintenance because there is no evidence that such was the testator's intention. Since the bequest was of net income received or derived, the widow was only entitled to such income after its receipt. . . . Since the net income, when received, was to go to the widow, her right thereto vested immediately on its receipt, although payment was to be made semi-annually.

. . . Her *administrator* was entitled to the income which was received by the trustee but which was not paid to her during her lifetime. (Citing cases.) He is not, however, entitled to income which the trustee collected after her death." (*Estate of Lockhart, supra.*) The trial court was instructed to modify its judgment accordingly, and to retry the issue as to an allowance of interest upon a claim by one John W. Luter, an assignee of George J. Lockhart.

After the *remittitur* in the appeal was filed, and pursuant to notice of hearing, the seventeenth and final account and report were again presented to the trial court, and it was then ascertained that Luter's claim to interest had been waived. At this time the residuary distributees of the estate of the deceased widow (appellants in the within appeal), called as a witness an officer of the trustee bank, for the purpose of proving the amount of income collected by the trustee in the lifetime of the deceased widow, but not paid to her, representing rents collected, interest, and interest on loans secured by trust deeds on real estate, which trust deeds had been foreclosed and the property purchased by the trustee, and which accounts were retained by the trustee as a part of its trust funds. Objections were made on the grounds that the modification of the judgment by the appellate court was final and that the matter was *res judicata;* the objections were sustained. The court refused an offer of proof made on behalf of appellants, and thereafter entered its judgment and decree in conformity with the decision of the District Court of Appeal referred to above.

Appellants contend that "where a judgment is modified by the opinion of an appellate court, the trial court should thereafter hear evidence to comply with the modification directed by the opinion; and that where a trustee has foreclosed trust deeds and purchased property and both principal and interest are represented in the purchase price, a proper division of the proceeds of sale should be made between those entitled to the interest and those entitled to the principal".

Respondents contend that the aforesaid objection was properly sustained for the reason that appellants are foreclosed from offering such proof, as the first judgment settled the issues now sought to be raised. It is pointed out that such judgment was based on findings that definitely stated the amount of the income which had been collected prior to the

death of Minnie A. Lockhart and also the amount that had accrued prior to that time but was uncollected on January 14, 1936, and, furthermore, that the widow had been paid all installments of income earned and collected during her lifetime which were due her. It is argued that inasmuch as appellants herein failed to attack such findings and judgment, it is too late to urge the grounds now that might have been available to them on the first appeal, and that as to such matters the issues are *res judicata*.

That further proceedings may be had in proper cases for the purpose of effecting the judgment of the reviewing court appears to be well settled, the limit and extent thereof depending upon the order of such reviewing court. (*English* v. *Olympic Auditorium, Inc.*, 10 Cal. App. (2d) 196 [52 Pac. (2d) 267].)

In this connection appellants sought to prove, as heretofore noted in substance, that by reason of certain transactions of the trustee several thousand dollars in net income due appellants were not included in the $16,875.71, found by the court to be "the income that had been earned on the principal of the trust estate but which had not been collected". It is argued, in effect, that although income may temporarily lose its identity in terms of money, nevertheless, so long as it can be traced and definitely located as an undivided portion of tangible property capable of severance, it is available as such to those lawfully entitled thereto. Both the offer of proof and the aforesaid argument might find support in the evidence and the law if such a showing were entitled to be made. However, it should be noted, as contended by respondents, that appellants herein took no appeal from the original judgment of the trial court, nor were the findings in support of such judgment questioned by said appellants within the time allowed by law. The right, therefore, to retry any questions settled by the judgment of the trial court manifestly depended upon the judgment of the District Court of Appeal as set forth in the opinion in *Re Estate of Lockhart, supra*. In that regard, appellants rely on that portion of the opinion of the reviewing court which is as follows: "It (the original judgment) is modified in its distribution of the net income to the administrator of the estate of Minnie A. Lockhart, so that he shall receive that part of such income which the trustee collected in his de-

cedent's lifetime. . . . '' Standing alone, such portion of the opinion might warrant the interpretation contended for by appellants; however, for the purpose of determining its legal effect it should be read in connection with the opinion as a whole. Thus read and considered, it is apparent that the order to modify the judgment as to the amount to be distributed to the administrator of the estate of Minnie A. Lockhart, clearly signified that such judgment, as modified, should be based on the findings already settled. In the absence of a clear intention to the contrary, any other conclusion would be unwarranted. This is especially true in view of the fact that, with regard to the claim of John W. Luter, the opinion clearly provided that the issue as to the allowance of interest upon such claim was to be retried.

The ruling of the trial court, therefore, on the objection to the introduction of any evidence on issues settled by the first judgment, was proper.

For the foregoing reasons the decree and judgment appealed from is affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1939, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1939.