[Civ. No. 6354.   Third Dist.   Mar. 29, 1943.]

ALPHA STORES, LTD. (a Corporation) et al., Appellants,
v. R. E. NOBEL et al., Respondents.

H. Ward Sheldon and Lynne Kelly for Appellants.

P. H. Johnson and C. K. Curtright for Respondents.

ADAMS, P. J.—Appeal from a judgment for defendants
in an action to quiet title.

Plaintiffs brought this action on April 28, 1938, seeking to
quiet title to an unpatented placer mining claim in Nevada
County, hereinafter called Lot 80, alleging that they "are
now and for a long time hitherto have been the owners, in the
possession and entitled to the possession" of said claim. De-
fendants answered denying any interest of plaintiffs, and
set up, as a special defense, that in a prior action the title
of defendants to said claim had been quieted, that plaintiffs
were in privity with the plaintiffs in said former action, and

are therefore estopped by the judgment in said action, and that said judgment is res judicata and a bar to the present action.

Plaintiffs claim title as purchasers at an execution sale. On August 14, 1935, Alpha Stores, Ltd., commenced an action against You Bet Mining Company for a balance due upon an open book account, and on August 15, 1935, had an attachment levied against the property in controversy. Judgment for plaintiff in said action was entered September 10, 1935, a sheriff's sale on execution was held on November 7, 1935, the sheriff issued a certificate of sale to Alpha Stores, Ltd., on November 8, 1935, and a sheriff's deed covering several mineral locations, including Lot 80, followed on November 10, 1936. The Nevada Irrigation District, plaintiff in this action, thereafter acquired an undivided interest by deed from Alpha Stores, Ltd.

Prior to the commencement of the foregoing action, and on May 8, 1935, Nobel, et al. (defendants in the action on appeal) had commenced an action in the Superior Court of Nevada County to restrain the You Bet Mining Company and its agents from interfering with said plaintiffs' occupation of said Lot 80. The You Bet Mining Company had filed an answer and also a cross-complaint seeking to quiet title to the land. The action was tried on the cross-complaint and the answer thereto as a quiet title action. Judgment was rendered in favor of the Mining Company on January 17, 1936, but on February 28, 1936, the court reopened the case for further evidence, and thereafter made new findings. It found, among other things, that at the time of the commencement of the action, and ever since the 7th day of February, 1930, plaintiffs in said action and their predecessors in interest had been and were the owners, in possession, and entitled to the possession of the land in suit, subject to an easement not of importance here; that said plaintiffs ever since said 7th day of February, 1930, had been in actual, open, notorious, hostile, adverse, exclusive, continuous and uninterrupted possession of said land, under a claim of right, pursuant to a mineral location made on said 7th day of February, 1930; that on said date said land was unoccupied United States mineral land, open and subject to location as a mining claim, and that on said date plaintiffs and their predecessors in interest located it as and for a mining claim.

A judgment quieting the title of Nobel et al. was entered June 29, 1936, subsequent to the date of the sheriff's sale to plaintiff Alpha Stores. Said judgment was affirmed by this court September 23, 1937. (*Nobel* v. *You Bet Mining Co.*, 22 Cal.App.2d 623 [72 P.2d 205].)

Thereafter, the action now before this court was commenced, plaintiffs seeking to quiet their own title to Lot 80 as against Nobel et al. As hereinabove stated, defendants Nobel et al., answered denying any interest in plaintiffs, and set up the special defense aforementioned. The trial court found that none of the allegations in plaintiffs' complaint were true; that all of the allegations of the amended answer were true; that plaintiffs were barred by the judgment in *Nobel* v. *You Bet Mining Company* from asserting any claim to the property in controversy; that defendants were and ever since the 7th day of February, 1930, had been the owners and entitled to the possession of same, subject only to the paramount title of the United States; and that defendants ever since said date had been in the actual, open, etc. possession of same. A decree quieting defendants' title followed, and plaintiffs have appealed.

As we view this case, two questions are presented for review, first, are plaintiffs in this action barred by the judgment in *Nobel* v. *You Bet Mining Company* as found by the trial court; and, second, was there evidence properly before the trial court to support its findings that none of the allegations in plaintiffs' complaint were true and that all of the allegations of defendants' amended answer were true.

■ Whether plaintiffs herein are bound by the judgment in *Nobel* v. *You Bet Mining Company* appears to depend upon the construction to be put upon section 1908 of the Code of Civil Procedure. That section provides that the effect of a judgment or final order in such an action is that "the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding."

It appears to be conceded that plaintiffs are successors in

interest to defendant in *Nobel* v. *You Bet Mining Company,* by title subsequent to the commencement of that action, and that they are here litigating for the same thing and in the same capacity; plaintiffs contend that they had no notice of the pendency of the preceding action. Defendants make no contention that plaintiffs had actual notice, and it is conceded that no notice of *lis pendens* was filed for record in said action. But respondents contend that the filing of such notice is not the only way in which a party may be charged with constructive notice under the foregoing section, and that the absence of a notice of *lis pendens* is, therefore, not conclusive; and that plaintiff Alpha Stores, Ltd., as an execution purchaser, is chargeable with notice "of all documents of record, having any bearing on the title to the property thus acquired"; that there were of record a notice of location of the lot in controversy by defendants, recorded March 3, 1930, and an amended notice of location recorded December 8, 1934, and that these were sufficient to put plaintiff, as execution purchaser, upon notice that respondents were claiming the property as their own; also that because in the prior action the court found that Nobel et al. were in possession, such possession was notice to plaintiffs.

Assuming for the moment, but not deciding, that such notices were sufficient to show that respondents were claiming the property at the time plaintiffs purchased it, we cannot see that they did or could constitute constructive notice of the pendency of the action between Nobel and You Bet Mining Company, so as to make the judgment in said action conclusive upon plaintiffs in this action. The fact that plaintiff is an execution purchaser charges it with no greater burden than that imposed upon any other purchaser for value. It is said in 16 Cal.Jur. 646, section 2, that under the California rule a purchaser of land involved in litigation, without actual notice of the pendency of the action, is not affected by the proceedings unless a notice of *lis pendens* is filed; and in 16 Cal.Jur. 661, section 15, that "purchaser" includes "execution purchaser."

Section 409 of the Code of Civil Procedure provides that in an action affecting the title or the right to possession of real property from the filing of a notice of *lis pendens* for record only, shall a purchaser of the property affected thereby be deemed to have constructive notice of the pendency of

the action. In *Orekar* v. *Lager*, 122 Cal.App. 370 [10 P.2d 178], where a notice of *lis pendens* had been filed by plaintiff in a former action but none had been filed by the defendant therein who set up an affirmative defense based upon a cause of action different from that set up by the plaintiff therein, the court held that the notice filed by plaintiff was not constructive notice of the relief sought by defendant, and that a purchaser without actual notice of the claims of defendant took title free and clear of any rights asserted by defendant's pleading in the case, and free and clear of any subsequent judgment rendered therein granting affirmative relief to defendant. Petition for hearing in the Supreme Court was denied in said cause. If, in that action, a notice of *lis pendens* filed by plaintiff was not constructive notice of the pendency of that action sufficient to make the judgment binding upon a purchaser without actual notice, it follows that in this case, where no such notice was filed by either party, plaintiff herein, as a purchaser *pendente lite*, cannot be charged with notice.

In *Page* v. *W. W. Chase Co.*, 145 Cal. 578 [79 P. 278], it was held that section 409 of the Code of Civil Procedure, providing for the filing of notice of *lis pendens*, applies to an action to foreclose the lien of a street assessment, and that, in the absence of such filing, there is no constructive notice of the pendency of such action, and a purchaser who takes title from the defendant pending such action, without actual notice of its pendency, and who was not a party to the judgment foreclosing the lien, is not bound thereby. The court said, pages 581-582:

"The rule of the common law that a purchaser *pendente lite* of the subject of the controversy took as a volunteer or intruder and in subordination to the judgment thereafter rendered in the action is not in force in this state. In lieu thereof, section 409 of the Code of Civil Procedure authorizes the plaintiff in any action affecting the title to real property to file in the office of the county recorder of the county in which the property is situated a notice of the pendency of the action, and declares that 'From the time of filing such notice for record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action.' 'The general

rule is, that one not a party to a suit is not affected by the judgment; the exception at common law is, that a *pendente lite* purchaser, though not a party, was so affected; the qualification of the doctrine made by our statute is, that such purchaser is not affected unless notice of such *lis pendens* be filed with the recorder.' ·(*Richardson* v. *White,* 18 Cal. [102] 103.)''

Also see *Ault* v. *Gassaway,* 18 Cal. 205; *Foster* v. *Warren,* 39 Cal.App.2d 470, 475 [103 P.2d 591].

In view of the foregoing, we hold that the finding of the trial court that plaintiffs are barred by the judgment in *Nobel* v. *You Bet Mining Company* is without support in the evidence or in law.

█ As to whether there is evidence in the case to support the findings that all of the allegations contained in the amended answer are true, and that none of the allegations in the complaint are true, an examination of the record discloses that at the trial when plaintiffs called their first witness, defendants objected to the introduction of any evidence on behalf of plaintiffs, on the ground that the judgment in *Nobel* v. *You Bet Mining Company* was an estoppel. In support of said objection they introduced in evidence the judgment roll in *Alpha Stores, Ltd.* v. *You Bet Mining Company,* recorded abstract of judgment, recorded certificate of sale by sheriff, sheriff's deed to Alpha Stores, Ltd., and deed, Alpha Stores, Ltd., to Nevada Irrigation District; also the judgment roll, reporter's transcript and recorded judgments in *Nobel* v. *You Bet Mining Company,* the recorded location notice Octo Placer Mining Claim, and recorded amended location notice Octo Placer Mining Claim, and the pleadings in *Alpha Stores* v. *Nobel.*

They then argued that an execution purchaser is the successor in interest of the judgment debtor; that the cross-complaint in *Nobel* v. *You Bet Mining Company* was the same as the complaint herein and dealt with the same thing (Lot 80); that if evidence necessary to sustain this action would have authorized a recovery in the prior one, the judgment is a bar; that plaintiffs, to sustain their title, must show title in You Bet Mining Company; that what might have been presented in the original action, but was not, could not be relied upon in a second one; that the sheriff's deed to plaintiffs was no more than a quitclaim deed, and carried

only such title as the debtor had at date of sale, which was nothing.

It was also urged that Alpha Stores had notice of the prior action because of (1) the open and notorious possession of Nobel et al. from February 7, 1930, as found in said action, which was constructive notice, because as execution purchaser it was bound to take notice that someone other than the judgment debtor was in possession; and (2) because the original judgment in *Nobel* v. *You Bet Mining Company* was of record before the date of the sheriff's deed to plaintiffs, and gave notice of the pendency of the action.

The trial court at first overruled defendants' objection to the introduction of evidence of title on the part of plaintiffs, but it subsequently sustained said objection, saying:

"It seems to me from the statements by the plaintiffs as to their source of title, and also from the records such as I have been able to examine, and the legal effect of some of the others being apparent, that the title now claimed by the plaintiffs must really depend on the ownership by the You Bet Mining Company of the property in dispute, that is, the ownership at the date of the filing of the lien of the plaintiffs, Alpha Stores, Limited. It also seems to me that as to the title or such title as was acquired by the plaintiffs, Alpha Stores, Limited, by virtue of a sale under execution that it, in effect, took as the successor of its debtor, the You Bet Mining Company; the effect of that conclusion being that the Alpha Stores, Limited, could only claim title as in privity with the You Bet Mining Company. The action of *Nobel* v. *You Bet Mining Company,* to quiet title, had been brought prior to the filing of the attachment, so that the attaching creditor could not have been made a party when the action was commenced. The judgment in the case of *Nobel* v. *You Bet Mining Company,* in my judgment, affirms first that the company had no right, title or interest in the property involved, and therefore, if the title of the plaintiffs in this case depends upon such title as the You Bet Mining Company had at the date of the filing of the lien, it would be clear that the attaching creditor acquired no title by the Sheriff's deed. I would like to have had more time in which to go into this, but it seems to me from such examination as I have been able to give it, that the attaching creditor in this case could not acquire a title superior to that of the de-

fendants, Nobel and others. I think the objection to the question is good and the Court will so hold."

From the foregoing it is apparent that the trial court based its findings that the allegations of the answer were true and the allegations of the complaint were untrue, upon the judgment in *Nobel* v. *You Bet Mining Company.* Said judgment not being binding upon plaintiffs in this action it follows that the said findings of the court are without support in the evidence.

The judgment is reversed.

Schottky, J. pro tem., and Thompson, J., concurred.