KAUFMAN, P. J.
 

 This is an appeal from a judgment entered on December 30, 1960, pursuant to a remand from this court in
 
 Tsarnas
 
 v.
 
 Bailey, No. 18545,
 
 179 Cal.App.2d 332 [3 Cal.Rptr. 629], decreeing that $8,168 was due to the plaintiffs. The original action was on a common count and the defendant answered and cross-complained. The trial resulted in a judgment for the plaintiffs in the amount of $11,553.20. On the prior appeal to this court (Division One), the judgment against the defendant on the cross-complaint and counterclaim was affirmed and the judgment on the complaint in favor of the plaintiffs was reversed and remanded “for the sole purpose of ascertaining the amount due to plaintiffs.” As the facts are stated in the prior opinion,
 
 supra,
 
 at pages 334 and 335, and are not in dispute, we need not restate them here.
 

 In stating the reasons for the remand and outlining the procedure to be followed, this court said at pages 340 and 341: “We believe that in order to arrive at a figure which will reflect the true account, it probably will be necessary for an accountant to be appointed by the court, for surely a busy trial judge should not be compelled to review a mass of poorly kept accounts. The judge already has had to decide upon 726 pages of testimony, with about five to ten new facts on each page. If the discrepancies were minor, we would let the matter stand, but they appear to be quite substantial, and we have no alternate but to reverse the judgment with direction to the trial court to try the subject of the account between the parties.
 

 “In order to make plain what is to stand and what is to be done, we list the following: (1) the finding and conclusion that defendant breached the contract, stand, (2) the finding and conclusion that damages were not sustained by cross-complainant for the breaches set forth in the cross-complaint, and the judgment on the cross-complaint, stand, (3) the cause is remanded for the purpose of ascertaining the proper amount due to plaintiffs, and, because the burden of proof rests upon plaintiffs to show that amount, the lack of tallies, etc., although mentioned in the cross-complaint, may, of course, be material in the defense of plaintiffs’ claim.”
 

 On this appeal, defendant contends that (1) the trial court failed to follow the above-quoted directives of the court
 
 *595
 
 in the proceedings taken after the remand; (2) he was deprived of his substantial rights to “a retrial”; (3) that the judgment and findings were not supported by the evidence and were not valid because they were not served on opposing counsel prior to the signing. There is no merit in any of these contentions. Rather, they reflect the unfortunate antagonism between the parties.
 

 As indicated above, the prior opinion affirmed the judgment on all matters except the proper amount of the damages due to the plaintiffs; thus, the fact that the defendant had breached the contract and was not damaged thereby is the law of the case
 
 (Western Electro-Plating Co.
 
 v.
 
 Henness,
 
 196 Cal.App.2d 564 [16 Cal.Rptr. 691];
 
 Gore
 
 v.
 
 Bingaman,
 
 20 Cal.2d 118,122-123 [124 P.2d 17]).
 

 The record indicates that on October 7, 1960, the plaintiffs moved for an order to appoint a referee in conformity with the directions of this court. This motion was originally set for hearing on October 19, 1960, but was continued to November 22, 1960, on which day, a firm of accountants was appointed by the court and directed to file their report with the court on or before December 13, 1960. On December 7, 1960, a formal order was signed and filed and a further order made that on completion of the accountants’ report, the matter was to be placed on the court calendar for further hearing. On December 20,1960, plaintiffs’ motion and defendant's counter-motions were still on the calendar. On December 20, Mr. Pearson of the accounting firm was present in court, indicated that the report had been completed, and testified at the plaintiffs’ request. The hearing on the accountants’ report was continued to December 28, 1960, to permit cross-examination of the accountant by the defendant.
 

 The limited extent of proceedings in the lower court after the remand of a cause depends upon the order of the reviewing court
 
 (Estate of Lockhart,
 
 30 Cal.App.2d 296 [86 P.2d 148]). Where a reviewing court reverses a judgment with specific directions, the trial court is bound by the directions given. Its authority is limited wholly and solely to following the directions of the reviewing court; any judgment rendered contrary to such specific directions would be void
 
 (Stafford
 
 v.
 
 Municipal Court,
 
 180 Cal.App.2d 368 [4 Cal.Rptr. 441]).
 

 Appellant here argues that the trial court erred in its failure to retry all issues and had no authority to appoint a firm of accountants. In view of the precise limitation of the
 
 *596
 
 remand “for the sole purpose of ascertaining the amount due to plaintiffs” and the appellate court’s indication that an accountant was to be appointed, these arguments are spurious. Appellant next argues that the trial court was deprived of jurisdiction because he had no notice of trial. This argument, made in the face of a reporter’s transcript, which shows that the hearing of the accountants’ report was continued in order to permit extensive cross-examination of the accountant borders on the frivolous.
 

 The final contention on appeal is that the judgment is invalid since the findings of fact were not served on the defendant before the signing of the judgment in violation of section 634 of the Code of Civil Procedure. However, both the cases decided before and after the 1959 amendment to this section have uniformly held that failure to serve the findings is a mere irregularity and not grounds for reversal
 
 (Brown
 
 v.
 
 Continental Grain Co.,
 
 190 Cal.App.2d 804 [12 Cal.Rptr.
 
 505]; Peebler
 
 v.
 
 Seawell,
 
 122 Cal.App.2d 503 [265 P.2d 109]).
 

 There is likewise no merit in appellant’s contention that he was prevented from presenting evidence and that the evidence does not support the findings.
 

 In view of the foregoing, the judgment of December 30, 1960, awarding the plaintiffs $8,168 and costs of $429.15 is hereby affirmed.
 

 Shoemaker, J., and Agee, J., concurred.
 

 A petition for a rehearing was denied July 31, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 5, 1962.