Filed 4/14/14  P. v. Baker CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066827 |
| v. | (Super. Ct. No. BF133419A) |
| FRANKIE DELON BAKER, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Larry A. Errea, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Poochigian, J., and LaPorte, J.†

†       Judge of the Kings Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Frankie Deleon Baker, pled no contest to indecent exposure with priors (Pen. Code,[1] § 314, subd. 1) and admitted allegations that he had a prior strike conviction within the meaning of the three strikes law (§ 667, subd. (b)-(i)).

This is Baker's second appeal in this matter. In this appeal, Baker challenges the trial court's denial of a hearing on a motion to correct his award of presentence custody credit. We conclude the order Baker appealed from was not an appealable order and dismiss the appeal.

## FACTS

In January 2010 and on two occasions in July 2010, Baker was observed masturbating inside the Beale Library in Bakersfield.

On June 29, 2011, Baker entered his plea in this matter.

On November 2, 2011, the court sentenced Baker to a four-year term, the middle term of two years on the substantive offense, doubled to four years because of his prior strike conviction. Baker subsequently filed his first appeal in this matter (F063816).

On June 28, 2012, while his first appeal was pending, the court granted Baker's motion to award him presentence custody credit for time he spent in custody from August 5, 2010, through June 1, 2011, on a parole violation related to his indecent exposure conviction.

On September 18, 2012, this court directed the parties to brief certain issues including whether the court erred in awarding Baker presentence custody credit for this period of time.

In an unpublished opinion in case No. F063816, this court found the trial court erred by awarding Baker presentence custody credit for time he served on a parole violation and for time he was in custody after he was sentenced on the underlying

---

[1] All statutory references are to the Penal Code.

2

conviction in that case. In pertinent part, we found that Baker failed to show his conviction on the one count of indecent exposure was the sole reason for his parole being revoked. We also reduced Baker's award of presentence custody credit from 985 days to 177 days and directed the trial court to prepare and file an amended abstract of judgment that was consistent with our opinion.

On December 17, 2012, prior to the remittitur issuing in case No. F063816, Baker filed a motion in the trial court to correct his presentence custody credit. Baker alleged he was entitled to such credit for the time he spent in custody on his parole violation because his indecent exposure conviction in case No. BF133419A was the sole basis for his parole being violated.

On January 28, 2013, remittitur issued in case No. F063816; on January 30, 2013, the remittitur was filed in the Kern County Superior Court.

On February 7, 2013, over the People's objection, the trial court held a hearing on Baker's motion where it took testimony from Baker's former parole agent.

On February 20, 2013, after holding that it could not hear Baker's motion because it had previously ruled adversely to Baker on the same issue, the court struck the testimony taken at the February 7, 2013, hearing and denied the motion.

## DISCUSSION

Baker contends the denial of a hearing on the merits of his December motion violates mandatory provisions governing the length of confinement, rendered his sentence unauthorized, amounts to jurisdictional error, denied him his state and federal constitutional right to due process, and constitutes structural error mandating remand for a hearing on the merits. We will conclude that the order appealed from was not appealable and dismiss Baker's appeal.

> "'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' (…; see *People v. Cunningham* (2001) 25 Cal.4th 926, 1044

3

['"an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court …"']; *People v. Murphy* (1969) 70 Cal.2d 109, 116 [an appeal stays all further proceedings in the trial court upon the order or judgment appealed from and matters embraced therein].) The purpose of the rule depriving the trial court of jurisdiction pending appeal '"is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment ... by conducting other proceedings that may affect it." [Citation.]' [Citation.]

"Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void. (…; e.g., *People v. Sonoqui* (1934) 1 Cal.2d 364, 367 [reversing a judgment of conviction because the trial occurred before the remittitur issued]; *People v. Mayne* (1897) 118 Cal. 516, 522 [appeal from order denying a new trial removed court's jurisdiction to change that order].)" (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472-1473.)

"'[Moreover,] [w]here a reviewing court reverses a judgment with directions ... the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.' (*Rice v. Schmid* (1944) 25 Cal.2d 259, 263 ...; see *Tsarnas v. Bailey* (1962) 205 Cal.App.2d 593, 595; *Carter v. Superior Court* (1950) 96 Cal.App.2d 388, 39 ['The courts have repeatedly adhered strictly to the rule.... Any proceedings had or judgment rendered contrary to such specific directions would be void'].)" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.)

Further, section 1237, in pertinent part, provides:

"An appeal may be taken by the defendant: [¶] … [¶] (b) *From any order made after judgment, affecting the substantial rights of the party*." (Italics added.)

Applying these principles to the instant case, we conclude the trial court did not have jurisdiction to hear Baker's December 17, 2012, motion because it lost jurisdiction over the underlying case when Baker filed his first appeal in this matter. Once remittitur issued, it regained jurisdiction only to prepare an amended abstract of judgment. Further,

4

since the trial court did not have jurisdiction to hear or grant Baker's motion, the trial court's order denying the motion did not affect Baker's substantial rights and was, thus, not appealable.

## DISPOSITION

The appeal is dismissed. However, our review of the record disclosed that Baker's abstract of judgment contains a clerical error. Although Baker was convicted of violating Penal Code section 314, subdivision 1, his abstract of judgment erroneously memorializes this section as section 3014.1. The trial court is directed to issue an amended abstract of judgment that corrects this error and to forward a certified copy of the abstract to the Department of Corrections and Rehabilitation.